[No. 2651.  Decided March 3, 1898.]

# C. E. NYE et al., Respondents, v. MILO KELLY et al., Appellants.

PUBLIC OFFICERS — ACTION ON BOND — LEAVE OF COURT — PARTIES —
INSTRUCTIONS.

In an action upon an official bond by the agents of the state solely for the benefit of the state, leave of court to prosecute the action is not necessary, under Code Proc., § 696, requiring leave of court to be first obtained before the commencement of an action by a plaintiff other than the state, since an action by state agents solely for its benefit is virtually an action by the state.

The objection that plaintiff has commenced his action without leave of court first obtained, in cases where such leave is necessary, is waived, if not raised until after the joinder of issue.

Under Laws 1891, p. 355, § 7, providing that all suits necessary to protect the rights of the state in matters or property connected with the penitentiary and its management shall be prosecuted in the name of the board of state penitentiary directors," such directors, acting in their official capacity, may bring an action in their own names for the benefit of the state upon the official bond of the warden to recover on account of his defalcation of public funds.

Where evidence admitted in the trial of a cause has been subsequently stricken by the court on the ground that its relevancy nad not been shown, it is error for the court to subsequently base an instruction upon the evidence as if it were still in the case.

Appeal from Superior Court, Walla Walla County.— Hon. W. H. Upton, Judge. Reversed.

*Remington & Reynolds*, for appellants:

At common law no action could be maintained upon a bond by any party other than the obligee named therein; and the exceptions to this rule must depend upon statutory enactment. Our statutes recognized the fact that official bonds are sometimes given to protect private interests, and have prescribed the conditions upon which parties *not named in the bond* may maintain actions thereon. The state of Washington, in this case, was the proper party plaintiff and the only party interested in the bond, and the complaint states no cause of action in favor of the respondents. *Crook County v. Bushnell,* 15 Ore. 169; *Northampton v. Elwell,* 4 Gray, 81; *Carmichael v. Moore,* 88 N. C. 29; *People v. Stacy,* 74 Cal. 373.

It is reversible error to give instructions liable to mislead the jury that are not based upon legitimate evidence in the case. *Edison, etc., Co. v. Canadian Pacific Nav. Co.,* 8 Wash. 370 (24 L. R. A. 315); *Texas Land & Loan Co. v. Watson,* 22 S. W. 873; *Coughlin v. People,* 18 Ill. 266 (68 Am. Dec. 541); *Andreas v. Ketcham,* 77 Ill. 377; *Goldsmith v. McCafferty,* 15 South. 244; *Caw v. People,* 3 Neb. 357; *Newton Wagon Co. v. Diers,* 10 Neb. 284; *State v. Bailey,* 57 Mo. 131. Where contradictory instructions are given, there is no way of telling which governs the action of the jury, and the erroneous instruction will not be cured by the proper one, even where the proper one is last impressed upon them (which was not the case in this instance). *Parker v. Hull,* 71 Wis. 368 (5 Am. Rep. 224); *Clein v. State,* 31 Ind. 480; *Pittsburg, etc., Ry. Co. v. Krouse,* 30 Ohio St. 222.

*Patrick Henry Winston,* Attorney General, and *T. M. Vance,* Assistant Attorney General, for respondents.

The opinion of the court was delivered by

GORDON, J.—Respondents in their official capacity as directors of the penitentiary brought this action against the appellants as bondsmen of J. H. Coblentz, late warden of that institution, and also against defendant Levi Ankeny, as administrator of the estate of said Coblentz. From a judgment in respondent's favor the bondsmen have appealed. The first contention of the appellants is that the action should have been dismissed because respondents did not obtain leave of court to prosecute the action. Section 695, 2 Hill's Code (Bal. Code, § 5685), provides:

" When a public officer by official misconduct or neglect of duty shall . . . render his sureties therein liable upon such bond, any person injured by such misconduct or neglect, or who is by law entitled to the benefit of the security, may maintain an action at law thereon in his own name against the officer and his sureties," etc.

Section 696 (Bal. Code, § 5686) is as follows:

" Before an action can be commenced by a plaintiff *other than the state,* or the municipal or public corporation named in the bond, leave shall be obtained of the court, or judge thereof, where the action is triable. Such leave shall be granted upon the production of a certified copy of the bond, and an affidavit of the plaintiff, or some person in his behalf, showing the delinquency. But if the matter set forth in his affidavit be such that, if true, the party applying would clearly not be entitled to recover in the action, the leave shall not be granted. If it does not appear from the complaint that the leave herein provided for has been granted, the defendant, on motion, shall be entitled to judgment of non-suit; if it does, the defendant may controvert the allegation, and if the issue be found in his favor, judgment shall be given accordingly."

While this action was brought by the directors, it was in their official capacity and solely for the benefit of the state. Under § 696, *supra*, when the state is plaintiff it is not necessary that leave to sue should be obtained, and there can be no good reason for the adoption of a different rule in a case brought by the agents of the state for its sole benefit. There is another reason why the contention of appellants should not be sustained. Instead of moving against the complaint they demanded a bill of particulars, and, that having been furnished, they saw fit to answer to the merits, and we think the objection was thereby waived. While the question is perhaps not solely a question of pleading, nevertheless the objection, to be available, should be promptly made. Instead of raising the question promptly, as we think appellants were bound to do, they waited until issue was joined and a jury was about to be impaneled, and then moved the trial court for a dismissal. The objection came too late—their motion was overruled, and we think properly so.

It is next urged that the plaintiffs have no interest in the suit and that the action should have been in the name of the state, that the state was the only party interested in the bond and that the complaint states no cause of action in favor of the respondents. We think, however, that by virtue of § 7, Laws 1891, p. 355, the action was properly brought by respondents acting in their official capacity as directors. That section, it is true, relates to the duties of the warden, but it provides that all suits at law or in equity, "necessary to protect the rights of the state in matters or property connected with the penitentiary and its management . . . shall be prosecuted . . . in the name of the board of state penitentiary directors." The suit, while not in the name of the state, is in the name of its statutory agents and for its benefit.

The third assignment presents a more serious question. On the trial evidence was given on behalf of the respondents tending to show that Coblentz, as warden, kept an account in a Walla Walla bank, and that on one occasion he had withdrawn from his account as warden the sum of $6,000, receiving from the Walla Walla bank a draft upon its correspondent in Portland for that amount, and that thereafter Coblentz deposited the draft to the credit of his personal account with the First National Bank of Seattle. At the close of the respondents' case counsel for the appellants made the following motion:

"There was offered by the plaintiffs, a certain draft for six thousand dollars, which was testified to by witness Turner. The draft was subsequently admitted in evidence by the court, on the promise of counsel that they would connect it and show that the money with which that draft was bought, was state money, and that J. H. Coblentz took state money, bought that draft, deposited it to his credit in the First National Bank of Seattle, and then checked it out, and used the proceeds for his own personal use.

"The defendants move at this time to strike that evidence from the record on the grounds that it is wholly incompetent, immaterial and irrelevant, and on the further ground that the plaintiffs have in no manner whatsoever shown that the money with which that draft was bought was money belonging to the state of Washington, or that J. H. Coblentz converted the proceeds of that draft to his own personal use, it being money of the state of Washington."

After argument the motion to strike was granted, the court remarking:

"When he [Coblentz] placed this money in the bank of Seattle, he had the right to withdraw it under the presumption he would use it honestly as the law required him to, and he could draw one check or one hundred checks for it, and there is no presumption he checked it out for private use. *It seems there is no connection shown between*

*the Seattle transaction and anything else in the case, and
the motion will be granted to strike."*

In charging the jury the court gave the following instruction:

" If you find from the evidence that the J. H. Coblentz
named in the complaint was warden of the said state peni-
tentiary and while such warden kept a deposit account with
the First National Bank of Walla Walla in the name and
style of 'J. H. Coblentz, warden,' and that such account was
of and for moneys of the state of Washington deposited by
said Coblentz in said bank, and that said Coblentz drew
a check signed ' J. H. Coblentz, warden,' of $6,000 upon
said account, and therewith procured a draft of $6,000,
which said Coblentz converted to his own use, you must
find the defendants severally liable to the plaintiff in the
sum of $6,000, unless you further find from the evidence
that said Coblentz, or his administrator, accounted to the
state of Washington for said sum."

To the giving of this instruction the appellants excepted,
and have predicated error upon it. Counsel for the re-
spondents very earnestly and ingeniously urge that the mo-
tion to strike, and the order of the court granting it, only
went to so much of the record as embraced the testimony
of the witness Turner (cashier of the Seattle bank in which
Coblentz' personal account was kept) as to what was subse-
quently done with the draft, and that the ruling did not ex-
clude the evidence tending to show that Coblentz drew his
check as warden for $6,000 upon his account with the
Walla Walla bank, and procured therefor a draft on Port-
land in his own favor. After a careful examination of the
record we are unable to sustain respondents' position.
While the court in ruling upon the motion refers to the sub-
ject matter as "the Seattle transaction," the court neverthe-
less granted the motion, and the motion embraced in its
terms all evidence relating to the draft. This view is further

strengthened by the language of the court in the instruction, " . . . a draft of $6,000 which said Coblentz converted to his own use . . . " We think there was absolutely no evidence tending at all to show that the draft was converted to his own use other than that showing that he had deposited it to his credit in the Seattle bank, and it is not to be supposed that the court intended to give an instruction that was not based upon some evidence in the cause. Appellants had a right to rely on the ruling of the court which struck out this evidence, and were not called upon to go into the transaction, and the subsequent action of the court in giving the instruction may not only have misled counsel, but was calculated to mislead the jury, who may well have understood from it that they were to consider and give effect to the testimony of the witness Turner in reference to the disposition made of the draft. In either view, the giving of the instruction constituted reversible error.

Other assignments of error relate to rulings of the trial judge in reference to the admission of evidence. Different books and vouchers of the penitentiary were received in evidence over appellants' objections. We have considered the several rulings complained of, but do not think that any error was committed by the court in regard to them. As a new trial must result, it is not advisable that we should discuss the assignment that the verdict is unsupported by the evidence other than to say that we think there was sufficient evidence to make a case for the jury, and that we would not be authorized to interfere with the verdict upon that ground alone.

But for the error above noticed, the judgment must be reversed and the cause remanded, unless within thirty days the respondents see fit to remit the sum of $6,000. Upon such remission within that time the judgment will

be affirmed.   In either event, the appellants will recover the costs of this appeal.

SCOTT, C. J., and REAVIS and DUNBAR, JJ., concur.

ANDERS, J., concurs in the result.