[No. 14427.   Department Two.   September 16, 1918.]

CHARLES F. RICH, *Respondent*, v. JOHN RYAN *et al.*, *Appellants.*[1]

, WITNESSES—CROSS-EXAMINATION—SCOPE.  In an action for a balance due for piling cut from plaintiff's land, in which plaintiff, on direct examination, testified as to the number of piles in a certain raft, but on cross-examination testified that part of them came from other land than his, it is proper to ask whether he knew how many piles came from other land; since it is a matter of. right to cross-examine as to facts in issue testified to by a witness.

LOGS AND LOGGING—SALES—ACTION FOR PRICE—EVIDENCE—MATERIALTY.  In an action on a contract to pay a specified sum for all piles cut and removed, testimony as to the number of piles cut which were rejected as culls is immaterial, there being nothing in the contract requiring them to pass inspection.

SAME.  In such a case, when timber was cut and removed as piling, it was to be paid for, and the meaning of the word "piles" is immaterial.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered January 24, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.  Reversed.

*A. S. Ryland* (*Jay C. Allen*, of counsel), for appellants.

MAIN, C. J.—The purpose of this action was to recover the balance claimed to be due on a written contract for piles cut and removed from the plaintiff's land.  The defendants denied liability and plead affirmatively that all the piles cut and removed had been paid for.  The affirmative matter in the answer was denied by a reply.  The cause was tried to a jury, and resulted in a verdict in favor of the plaintiff in the sum of $224.37.  Motion for new trial being made and

[1]Reported in 175 Pac. 32.

overruled, judgment was entered upon the verdict, from which the defendants appeal.

The facts are briefly these: On the 5th day of December, 1912, the respondent, by written contract, sold to the appellants the timber then standing upon certain described land. The only paragraph here material is the following:

"The party of the second part (the appellants) has agreed to pay to party of the first part (the respondent) the sum of one dollar and fifty cents ($1.50) per thousand feet, 'for logs,' and one and one-half cent (1½c) per running foot, 'for piling,' for the right to cut and remove the timber from the above described land within one (1) year from date of this agreement."

It will be noted that this paragraph of the contract provides for the payment of the timber as logs and also as piling. There is no controversy about the portion of the timber that was cut and removed and which was to be paid for at the rate specified for logs. There were cut and removed three rafts of piling, about the first two of which there is no controversy. This litigation arises over the third raft. In this raft there were something over 600 piles. Of these the appellants paid for approximately 400 at the rate specified in the written contract, but declined to pay for the balance because, when the raft was towed to Seattle, those not paid for would not pass the inspection as piles and were discarded as culls. There is also a claim that some of the piles were cut and removed from land adjacent to the land described in the contract but owned by other parties.

On direct examination the respondent testified that there were in the raft over which the controversy arises 654 piles and that a certain number had been paid for, and inferentially testified that all the piles in this raft

were removed from the land described in the contract. On cross-examination the following occurred:

"By Mr. Ryland: Q. Were all these logs you say were taken from your land made into one raft? A. The piling was made into one raft, yes. Q. Were there, to your knowledge, any other piling included in this raft? A. Yes, sir. Q. Where did that piling come from? A. It came from Mr. Worthington's. Q. So you know, included in this raft, there were some from his land? A. Yes, sir. Q. Do you know about how many piles included in this raft or boom were cut from Mr. Worthington's land? By Mr. Kohlhase: We object to that as not proper cross-examination. Objection sustained, exception allowed defendant."

One of the assignments of error is based upon the ruling of the court in sustaining the objection to the cross-examination as to the number of piles in the raft that was taken from Worthington's land. From the excerpt above quoted from the testimony, it appears that the witness had testified that there was piling in this raft that came from the land owned by Worthington. The inquiry directed to the number of these piling was the one to which the trial court sustained the objection. Respondent had no right to recover for any piling cut from Worthington's land. It is, of course, a general rule that the scope of cross-examination rests largely in the discretion of the trial court, but where such cross-examination of a witness relates to facts in issue, or facts relative to the issue and about which the witness being cross-examined has testified, it may be pursued as a matter of right. Jones, Evidence (2d ed.), § 821. One of the facts in issue was the number of piles in the raft for which the respondent had a right to recover. He had testified in his examination in chief that there was a certain number of piles in the raft, and inferentially that these

piles were all taken from the land described in the contract. On cross-examination, without objection, he testified that some of the piling came from Worthington's land. When inquiry was directed to the number of these piling, the objection thereto was sustained. We think the court erred in sustaining this objection, and that such ruling requires a reversal of the judgment.

Upon the trial the appellants offered testimony as to the number of ''rejected timbers'' or culls that could not be disposed of as piles when they reached their destination. This was refused, but there was no error in this ruling. The contract provided that defendants should pay a specified sum for piling cut and removed from the land described therein. There is no provision in the contract that such piling cut and removed should not be considered as such if they failed to pass inspection or could not be disposed of as piles. The general rule of law for which the appellants contend on this point, to the effect that any evidence that tends to disprove any allegation of the complaint may be proved under a general denial, can be admitted, but it is not applicable to the facts here presented. When the timber was cut and removed as piles the liability under the contract became fixed.

It is also claimed that the court erred in excluding testimony as to the meaning and use of the word ''pile,'' but this contention is without merit. As already stated, under the contract, when the timber was cut and removed as piling, it became such as between the parties.

Finally, it is contended that the court erred in refusing to give an instruction relating to culls, requested by the appellants. If the testimony as to culls was properly rejected, as we have found, it would follow

that the requested instruction was likewise properly refused.

The judgment will be reversed, and the cause remanded with direction to the superior court to grant a new trial.

MOUNT, HOLCOMB, and CHADWICK, JJ., concur.