GEORGE D. GLADDING, Ex. vs. EDWARD ATCHISON et al.

DECEMBER 7, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  Pleading. Exceptions.

By pleading to an action without objection to its form, and by proceeding with the trial without objecting thereto at any stage of the proceedings a defendant is precluded from raising such objection at the hearing of exceptions to the decision of the lower court.

(2)  Actions Against State.

Whether or not an action is a suit against the State will be decided not by reference simply to the parties of record but upon consideration of the essential nature of the suit and the effect of the judgment therein.

(3)  Pleading. Exceptions.

Where demurrer was sustained to special pleas and no exception taken to the decision, and the case went to trial and decision was given for plaintiff to which defendant filed exceptions, on hearing on bill of exceptions the special pleas and the facts alleged therein will not be considered.

(4)  Shell Fisheries. Actions. Shellfish Commissioners.

An action was brought against the shellfish commissioners as individuals to recover the surplus proceeds from the sale of oyster leases after sale by the commissioners under Gen. Laws, cap. 203, sec. 26. The leases contained covenants against assigning the premises without the written consent of the commissioners. To the action defendants filed a plea in set-off alleging in part that certain other leases, not under seal, were taken by a third party as agent for the plaintiff who was an undisclosed principal.

Held, that the doctrine of undisclosed principal was not applicable and it was immaterial whether the leases were under seal or not, for admitting such

claim the result would be to make the statutory provisions against assignment inoperative.

*Held,* further, that the claims in set-off were claims of the State and not of the commissioners and as they were not claims which belonged to defendants in their own right for which they might maintain a suit in their own names, they were not properly subjects of set-off in the action.

(*5*)   *Shell Fisheries.   Surplus After Sale of Leases.   Actions Against State.*

The duties of the Shellfish Commissioners under sec. 26, Gen. Laws, cap. 203, where a surplus of proceeds remains after sale, is to pay such surplus to the lessee, and the lessee has a valid claim against the individuals having such surplus in their possession and if the commissioners pay it over to the State treasurer, they do so of their own wrong and cannot claim exemption from suit by lessee on the ground that by their wrongful act the State has come into possession of money belonging to lessee.

(*6*)   *Shellfish Commissioners.   Actions Against State.   Judgment.*

In an action against the Shellfish Commissioners as individuals to recover the surplus proceeds from the sale of oyster leases after sale by the commissioners under Gen. Laws, cap. 203, sec. 26, the judgment would run against the defendants individually and the State not being a party, is not bound by it.

(*7*)   *Actions Against State.*

The mere fact that the State may have possession of property does not in itself determine the question whether the State is the real defendant in an action nor does it preclude inquiry by the court into the lawfulness of that possession or the right of the State to retain it.

ASSUMPSIT.   Heard on exceptions of defendants and overruled.

STEARNS, J.   This is an action in assumpsit with the common counts brought by plaintiff, the executor of the Estate of Ardelia C. Dewing, as trustee, for the use of Brayton A. Round *et al.*, trustees in bankruptcy of the, M. Dewing Co., a Connecticut corporation, to recover the surplus proceeds from the sale of certain oyster leases owned by Ardelia C. Dewing.

The sale was made by defendants under the provisions of Section 26, Chapter 203, Gen. Laws, and the proceeds thereof were received by the defendants who at the time were the Shellfish Commissioners of the State of Rhode Island.   The action was brought against the defendants as individuals.   In addition to the general issue defendants

filed several special pleas alleging, among other claims, that as such commissioners they were the agents of the State, that the money sued for was owing and belonged to the State and was received by defendants in their capacity as agents of the State acting in the name of and under authority of the State; that all of said money before action was begun had been paid over to the General Treasurer of the State. Plaintiff demurred to the special pleas and the demurrers were sustained. It was held that the action was not one against the State, and that plaintiff was entitled to sue the defendants to recover for their failure to pay over to him the surplus proceeds as required by statute. No exception to this decision was taken by defendants. On motion made defendants were then permitted to file a plea in set-off, in which they alleged that plaintiff was indebted to defendants in their capacity as commissioners of shell fisheries of the State, acting for and in behalf of said State in the sum of $4,796.88 by book account due and owing for rental under certain leases of oyster grounds, for interest and certain other charges and expenses incident to the sale of said leases, as follows: "account A on leases Nos. 594, 586, 687 issued to Ardelia C. Dewing $639.44." "account B on leases Nos. 883, 884, 939, 940, 942 not under seal, issued in the name of George D. Gladding, the said George D. Gladding being then and there the agent for an undisclosed principal, namely, the agent of Ardelia C. Dewing." Then follows an itemized statement of rentals due on said leases from 1913 to 1916, inclusive, with interest and other charges, the total being $4,796.88, which defendant averred was due and owing from plaintiff to defendants, and which amount defendants claimed by way of set-off. Jury trial having been waived, the case was heard by the Presiding Justice of the Superior Court, who disallowed the claim in set-off and gave a decision for the plaintiff for $6,219.65, which is agreed to be the amount due plaintiff unless the set-off claimed should be allowed.

The case is in this court on defendants' bill of exceptions whereby it is alleged that the decision of the Superior Court (1) is erroneous and contrary to the evidence. There is no allegation in particular of any error in the proceedings. The sole question is in regard to the right of defendants to the benefit of the set-off as claimed. At the hearing in this court defendants for the first time made the claim that the form of action, assumpsit, was wrong. This objection, even if it were valid, which we do not consider it to be, is not properly before this court. Defendants have never raised this question in the trial court. By pleading to the action without objection to its form and by proceeding with the trial without objecting thereto at any stage of the proceedings, defendants are now precluded from raising this objection.

Another claim is that in effect the suit is against the State and the courts are as a consequence without jurisdiction in the matter. Although this question has already been decided adversely to defendants' claim, and without objection taken in the lower court, yet as perhaps it is involved to a certain extent in the decision of the claim of set-off we will consider it briefly.

Chapter 203, Gen. Laws, of "Private and Several Oyster Fisheries," provides for the election by the General Assembly of five commissioners of shell fisheries, who are empowered to lease in the name of the State "to any suitable person being an inhabitant of this State" certain designated lands as private oyster grounds, but not more than one acre at a time in one lot or parcel to one person or firm. By Section 25 the commissioners are required to see that the terms of the leases are complied with and on failure of the lessee to pay rent punctually or on breach of the lease, the commissioners are required to enter on the leased land and terminate the lease. They may in the name of the State (Sec. 26) institute legal proceedings for the collection of rents, take possession of and sell at public auction any lot leased with the oysters thereon, and receive the proceeds of

such sale and they are then directed "from said proceeds to retain all sums due and owing the State for rent as aforesaid, together with all expenses incident to such sale, rendering and paying the surplus of said proceeds of sale, if any there be over and above the amounts so to be retained as aforesaid, to said lessee, his heirs, executors, administrators, or assigns."

There is practically no dispute in regard to the facts. Prior to 1914 Ardelia C. Dewing was engaged in the oyster business in this State. In addition to other leases from the State, Mrs. Dewing held twelve leases bearing date at different times from January 5, 1907 to January 27, 1912, each for ten years, which are the particular leases upon which plaintiff's claim is based; she also held three other leases, one dated May 22, 1905 and two dated January 29, 1906. The plaintiff Gladding, who was the manager of Mrs. Dewing's business, held six leases of oyster lands dated at different times from May 7 to September 27, 1907. In 1913 the M. Dewing Co. acquired the oyster business and property used therein belonging to plaintiff and Mrs. Dewing. In 1914 this company was petitioned into bankruptcy. In 1915 Mrs. Dewing died and her estate was declared to be insolvent. In 1916 the commissioners of shell fisheries took possession of the twelve leases of Mrs. Dewing for nonpayment of rent due thereon, and sold the same with the oysters on the lots at public auction for $12,100. The commissioners also sold separately the six leases belonging to Gladding for $37. At the time of this sale there was due to the State of Rhode Island from Gladding upon these leases the sum of $4,157.44. Long prior to 1916 the commissioners had terminated the three leases of Mrs. Dewing, of the years 1905 and 1906, and there was due on these leases for rent, interest, etc., $639.44. These leases were not included in the sale made in 1916. The two last mentioned claims, namely, the Gladding claim and the Dewing claim for $639.44, constitute the basis of defendants' set-off.

The plaintiff, as executor, acting under authority of the Probate Court, assigned to the trustees in bankruptcy of the M. Dewing Co. all of the interest of the estate of Ardelia C. Dewing to the proceeds of the sale of the twelve leases and brings this suit for the benefit of the assignees. Is this a suit against the State? This question is to be decided not by reference simply to the parties of record but upon consideration of the essential nature of the suit and the effect of the judgment therein. In the *Matter of the State of New York*, 256 U. S. 490. The special pleas and the facts alleged therein are now out of the case. *Wilson* v. *N. Y., N. H. & H. R. R. Co.*, 18 R. I. 598; *Neri* v. *R. I. Co.*, 42 R. I. 229; *Ilczyszyn* v. *Mostecki*, 43 R. I. 523. There is now no plea or any formal suggestion on the record that this suit is one against the State, nor is there any proof that the money sued for is in the possession of the State under claim or color of title. The leases contain covenants by the State, the lessor, for quiet possession and by the lessee to pay a fixed amount annually to the State Treasurer, and that lessee will not underlet or assign the premises to any person without the assent in writing of the commissioners. It is not claimed that there was any written assignment made by Gladding and assented to by the commissioners. Whatever the relations may have been between plaintiff, Mrs. Dewing and the M. Dewing Co. the relation of the State with plaintiff remained unchanged, namely, that of lessor and lessee. The doctrine of undisclosed principal is not applicable, and it is immaterial whether the leases were under seal or not. The Dewing Co. being a corporation is not permitted by the statute to take a lease from the State. If the State can hold Mrs. Dewing for the rents as an undisclosed principal she would be entitled, if the leases were not under seal, as against the State to hold the leases made to her alleged agent Gladding. *Battey* v. *Lunt & Co.*, 30 R. I. 1. The result would be to make the statutory provisions against subletting and assignment inoperative and of no effect.

The purpose of the statute is clear. By limiting the persons who are eligible to receive leases to individuals who are inhabitants of the State and by restricting each lease to one lot, it is apparently the intent of the act to enable the commissioners to prevent any one person or firm from securing a monopoly of the oyster lands and to confine the benefits and obligations of the lease to the lessee named or his duly recognized assignee. The debt of Gladding was a debt to the State and not to the commissioners. The authority of the commissioners to sue therefor in the name of the State is permissive but not exclusive, as the State is not restricted to this one action by the commissioners. The duties of the commissioners under Section 26, where a surplus of proceeds remains after possession taken and public sale, are clearly defined by statute and require no exercise of discretion. They are to pay over the surplus arising from the sale to the lessee. This is the mandate of the State and the lessee has thereby a valid claim given to him by the State against the individuals who have such surplus in their possession. If the commissioners pay over this surplus to the State Treasurer they do this of their own wrong and contrary to law. They can not claim exemption from suit by the lessee on the ground that by their wrongful act the State has come into possession of money which belongs to the lessee. A judgment in this case would run against the defendants individually and the State, not being a party, is not bound by it. *Tindal* v. *Wesley*, 167 U. S. 204. The mere fact that the State may have possession of the property does not in itself determine the question whether the State is the real defendant nor does it preclude an enquiry by the courts into the lawfulness of that possession or the right of the State to retain it. *U. S.* v. *Lee*, 106 U. S. 196; *Phila. Co.* v. *Stimson*, 223 U. S. 605. The claims in set-off are claims of the State and not of the commissioners. As they are not claims which belong to defendants in their own right for which they might maintain a

suit in their own names (Sec. 11, Chap. 288, Gen. Laws), they are not properly subjects of set-off in this suit.

Defendants' exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the decision.

*Curran & Hart,* for plaintiffs.

*Antonio A. Capotosto, Assistant Attorney General,* for defendants.