### ROBERTS et al. v. STATE OF NEW MEXICO.

(Circuit Court of Appeals, Eighth Circuit. October 29, 1923.)

No. 240.

1. Bankruptcy ⊂⇒331—State authorized·to present claim in bankruptcy in favor of asylum, though directors thereof incorporated and authorized to sue.

The state in its own name is entitled to present a claim under Bankruptcy Act, § 1 (9), being Comp. St. § 9585, against a bankrupt partnership in favor of the state asylum, on account of funds of the state converted to the use of the partnership, notwithstanding that the board of directors of the asylum, under Code N. M. 1915, § 5059, was a public corporation authorized to sue and be sued in its own name; the statute not purporting to give the board of directors an exclusive right to sue, and the board having no right of suit at all, except for and in behalf of the state as its agent.

2. Courts ⊂⇒300—Federal courts open to litigation by state.

A state may pursue its adversary in the federal courts, as well as in those it has established.

Petition to Revise Order of the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Petition by C. J. Roberts and others under Bankruptcy Act, § 24b (Comp. St. § 9608), to review and correct an order of the District Court, permitting the State of New Mexico to file a claim. Petition dismissed.

C. W. G. Ward, of East Las Vegas, N. M. (Louis C. Ilfeld, of Las Vegas, N. M., C. J. Roberts and C. F. Cornell, both of Santa Fé, N. M., and Ward & Hedgcock, of East Las Vegas, N. M., on the brief), for petitioners.

Milton J. Helmick, Atty. Gen. of New Mexico, for the State of New Mexico.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before STONE and LEWIS, Circuit Judges, and KENNEDY, District Judge.

LEWIS, Circuit Judge. [1] At the first meeting of creditors of the bankrupt estate of E. Rosenwald & Son, a copartnership composed of three members, the State of New Mexico, through its Attorney General, presented a verified claim to the Referee for allowance. The claim set forth that one of the named partners in the bankrupt firm had been a member of the Board of Directors of the New Mexico Insane Asylum from April 3, 1917, to May 18, 1922, and that through breaches of his trust the three bankrupts had received from time to time moneys of the State to the aggregate amount of $11,572.71, which they had converted to the use of themselves and for which they were indebted to the State. Some of the items included in the total were set up in the claim presented as duplicate payments to the bankrupts for supplies which they had sold to the asylum, and some were for grossly excessive over-charges for other supplies. Other creditors objected to the consideration and allowance of the State's claim on this ground:

"That the State of New Mexico is not a creditor of said copartnership, and even if all the matters and things set forth in said claim are true, no liability of said copartnership accrued to the State of New Mexico, but if there is a liability the same accrues to the Board of Directors of the New Mexico Insane Asylum; that under Section 5059, New Mexico Code of 1915, the management and control of said asylum, the care and preservation of all property of which it shall become possessed, and the disbursement and expenditure of all moneys is invested in the Board of Directors; and under Section 5090 of said Code, said Board of Directors of the Insane Asylum of New Mexico is made a corporation and is given the power to sue and be sued, of contracting and being contracted with, and if any liability exists against said copartnership for the matters and things set out in said claim the same accrues to said Board of Directors and not to the State of New Mexico."

The Referee sustained the objection, but the District Judge overruled his order and directed him to permit the claim to be filed and prosecuted in the name of the State. Charging that the order of the Bankruptcy Court permitting the claim to be filed and prosecuted in the name of the State is erroneous in matter of law for the same reasons stated before the Referee, objecting creditors petition this court to review and correct that order. Bankruptcy Act, § 24b (Comp. St. § 9608). Counsel for petitioners contend that because the State statutes constitute the Board of Directors, appointed to manage and control the asylum and its affairs, a body corporate, under the name of Directors of the Insane Asylum of New Mexico with the right as such of suing and being sued, contracting and being contracted with, and vest in the Board the duty of caring for and preserving the asylum property, and the right to receive, handle, disburse, expend and account for all moneys appropriated or received for the use of the asylum, and to cause all things to be done necessary to carrying out the purposes for which the asylum was established, that therefore liability, if any, on the claim presented is to the Board, and not to the State, that the State by its statutory provisions has disabled itself from prosecuting the claim, and that it can be prosecuted and allowed, if at all, only in

the corporate name of the Board. The asylum is maintained by the State in its governmental capacity. Its financial needs are met by the exercise of the State's power of taxation. The buildings and all other property constituting the asylum, and the funds raised for its maintenance are the properties of the State. They are set aside for a special purpose and can be used for none other. Necessarily the State must act through officers and agents in disbursing the funds to their intended use. Clearly it organized the Board as a corporate body to act as its agent in the· purposes specified in the statute. The Board is a public and not a private corporation. It was not organized for profit, and neither it nor its members have any personal interest in or title to any of the funds or other property. The authorization of the Board to sue and be sued in its corporate name is in behalf of and in the interest of the State as a convenience. In an action brought by the Board it would appear only as the State's agent for the latter's benefit, and it would be entitled to be reimbursed by the State for all reasonable expenses and costs laid out in the litigation. Nye v. Kelly, 19 Wash. 73, 52 Pac. 528; Regents v. Hart, 7 Minn. 61 (Gil. 45). The statutes of New Mexico governing the control, management and maintenance of its College of Agriculture, are of identical import to those here relied on. They incorporated the Board of Regents under the name of The Regents of the Agricultural College of New Mexico with the right as such of suing and being sued, contracting and being contracted with; and in case of State of New Mexico v. First State Bank of Las Cruces, 22 N. M. 661, 167 Pac. 3, L. R. A. 1918A, 394, the Supreme Court of that State said:

"That the money in the hands of the Secretary-Treasurer of the Board of Regents of the New Mexico College of Agriculture and Mechanical Arts was the property of the State is not debatable. The Board of Regents and its officers were agents of the State, and acting * · * * in its behalf."

[2] It is not claimed that, but for the statutes relied on, the State could not prosecute the claim. It is said to be "accepted law, that a State * * * may maintain * * * actions for the enforcement of its rights or the redress of its wrongs, independently of any statutory provision therefor." Brown v. State, 5 Colo. 496. And it may pursue its adversary in the Federal courts as well as in those it has established. Georgia v. Atkins, 1 Abb. 22, Fed. Cas. No. 5350; Florida v. Anderson, 91 U. S. 667, 675, 676, 23 L. Ed. 290; 36 Cyc. 907. The Bankruptcy Act (section 1 [9]), being Comp. St. § 9585, defines creditors as including "any one who owns a demand or claim provable in bankruptcy." Petitioners' counsel cite us to such cases as People v. Ingersoll, 58 N. Y. 1, 17 Am. Rep. 178; State v. Clamme (Ind. App.) 134 N. E. 676; and State v. Land & Timber Co., 93 Ark. 621, 126 S. W. 73. They do not support their contention, but rather weigh against it. In the first case cited the State sued to recover funds that belonged to a county, received by the defendant through fraud; and it was held that the action was not maintainable because the State was without title or ownership, the money sued for belonged to the county. In the second case cited the State of Indiana brought the action in behalf of a taxing district against the defendant (and his bonds-

men), who had contracted to build a road in the district, on allegations that he had not complied with his contract. On consideration of the State's right to sue it was said:

"But the rule is well established that the State does not have the right to sue for the recovery of public funds which belong to a county or to a municipality, and to which funds the State has no title."

In the third case cited the State of Arkansas sought to recover in its own right swamp lands which it had owned, but which it had conveyed to the Board of Levee Inspectors of Chicot County. The lands had since passed to the Board of Directors of the St. Francis Levee District, and at the time of suit were claimed by the Land & Timber Company. In the original complaint decree was sought divesting the Land & Timber Company of title and vesting it in the St. Francis District, but by amendment the State set up title in its own right. The court held that the State had parted with its title and was without right of recovery. It added that the St. Francis District was a body politic and corporate with power to sue, and that the State had no right to sue in its behalf. In all these cases the right of the State to sue was denied because it had no title to or interest in the property involved; but here New Mexico is the owner of the funds alleged to have been wrongfully converted. The statutes do not purport to give the Board an exclusive right. It has no right at all except for and in behalf of the State as its agent. We think the State had not stripped itself of its right to recover in its own name its property, although it empowered its agent to sue also. Gladding v. Atchison (R. I.) 115 Atl. 423. The facts set up as the basis of the State's claim show a very substantial reason for its unwillingness to leave the prosecution of the claim to the Board. To say the least there was, prima facie, neglect of duty by the Board in the transactions of which complaint is made. In our opinion the order of the Bankruptcy Court was not erroneous in matter of law.

Petition dismissed.