GULLY, STATE TAX COLLECTOR, *v.* DENKMANN LUMBER CO. *et al.*

(Division A. Oct. 19, 1936.)

[170 So. 151. No. 32489.]

**U. B. Parker**, of Wiggins, for J. B. Gully, on motion to dismiss.

**Brady, Dean & Brady,** of Brookhaven, for Denkmann Lumber Company, on motion to dismiss.

**G. Wood Magee,** of Monticello, for Lawrence County, on motion to dismiss.

168

**Smith, C. J.**, delivered the opinion of the court.

J. B. Gully, state tax collector, sued the Denkmann Lumber Company, in the chancery court of Lawrence county, for taxes alleged to be due by it to several taxing districts, including Lawrence County. The cause proceeded to final decree, and no appeal therefrom was taken by Gully. Lawrence County has attempted to take such an appeal, and pursuant thereto has brought the record to this court. Motions to dismiss the appeal have been filed by Gully, and by the Denkmann Lumber Company, a common ground of each being that the county is without the right to appeal from the decree.

Appeals to this court are granted and limited by section 13, Code 1930, which provides that, "An appeal may be taken to the Supreme Court from any final judgment of a circuit court in a civil case. not being a judgment by confession or from any final decree of the chancery court, not being by consent, by any of the parties or legal representatives of such parties; but such appeal shall operate as a supersedeas only when the party applying for the same shall comply with the terms hereinafter prescribed; and in no case shall such appeal be held to vacate the judgment or decree."

The question then is: Is the county of Lawrence a party to this decree within the meaning of the statute? Section 6986, Code 1930, imposes on the state tax collector the "duty to proceed by suit in the proper court against all persons, corporations, companies and associations of persons for all past due and unpaid taxes of any kind whatever, whether of the state, county, municipality, drainage, levee or other taxing district, or any subdivi-

sion thereof." Section 6994, Code 1930, provides that, "All suits by the state tax collector shall be in his own name for the use of the state, county, municipality, levee board or other taxing district interested."

In suits by the state tax collector for the collection of taxes, the state and its taxing districts are parties thereto only in the sense that the tax collector sues for their benefit. He represents them and has exclusive control of the litigation except in so far as the trial court may permit the beneficiaries to intervene under the circumstances set forth in Robertson v. Bank of Batesville, 116 Miss. 501, 77 So. 318.

The motion to dismiss the appeal will be sustained.

So ordered.