**CRAIG, State Tax Collector of State of Mississippi, v. SOUTHERN NATURAL GAS CO.**

No. 10074.

Circuit Court of Appeals, Fifth Circuit.
Jan. 27, 1942.

Jas. A. Alexander, of Jackson, Miss., for appellant.

John Harvey Thompson, of Jackson, Miss., and Paul Johnston, of Birmingham, Ala., for appellee.

Marcellus Green, of Jackson, Miss., Wm. A. Dougherty, of New York City, Edward P. Russell, of Memphis, Tenn., Maxwell Bramlette, of Woodville, Miss., and Garner W. Green, of Jackson, Miss. (Canada, Russell & Turner, of Memphis, Tenn., and Green & Green, of Jackson, Miss., of counsel), amicus curiae for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Invoking federal jurisdiction on a claim that the suit was between citizens of different states, plaintiff, state tax collector of the State of Mississippi, brought this suit "to collect, on behalf of the State of Mississippi, * * * past due and unpaid privilege taxes, interest and penalties due the State of Mississippi by the defendant."

The defendant, specially appearing, moved to dismiss because the complaint shows on its face that the State of Mississippi is the real plaintiff and for federal jurisdictional purposes, a state is not a citizen. The district judge agreed with defendant and dismissed the cause for want of jurisdiction and without prejudice. Plaintiff appealing, is here insisting that not the State of Mississippi but Craig as an individual, is plaintiff and that the ruling was therefore erroneous. Appellant points to the statutes of Mississippi, creating the office of state tax collector, authorizing the incumbent to sue for past due and unpaid taxes of any kind, directing that suits by him for state taxes be in his own name for the use of the state, that he shall not be liable for costs, and may appeal without bond, giving all such suits precedence over other suits, and providing for the retention by the tax collector of 20% of all amounts collected and paid over by him for payment of the expenses of his offices and a salary of $5,000. He insists that under the decisions of Mississippi, the collector has a personal interest and is therefore a personal plaintiff as to at least 20% of the recovery,[1] and that the state and its taxing districts are parties to such suits only in the sense that the tax collector sues for their benefit.[2]

Appellee, on its part, points to the allegations of the complaint, that "the suit is on behalf of the state for the purpose of collecting privilege taxes, interest and penalties due it, and that the defendant is now indebted to the State of Mississippi for the

---

[1] White v. Miller, 162 Miss. 296, 139 So. 611; Miller v. White, 157 Miss. 114, 126 So. 833.

[2] Gulley v. Denkmann Lumber Company, 177 Miss. 164, 170 So. 151.

full amount sued for", and to the statutes and their construction that though the statute provides for a commission of 20%, the collector does not recover these sums as due him by the defendant nor are they paid to him personally, he only takes them out of funds which he recovers for the state, to the extent necessary to pay expenses including his salary as a state officer. It insists that the claim that the taxpayer is personally interested in this suit, is without substance, and that the case must stand or fall upon whether the suit by the collector on behalf of the state is in law and in fact, the suit of the State of Mississippi.

In support of its position that the suit is not the suit of the state, appellant relies most strongly on State of Missouri v. Homesteaders Life Association, 8 Cir., 90 F.2d 543, and our case, Louisiana Highway Commission v. Farnsworth, 5 Cir., 74 F.2d 910.

Appellee on its part, insists that the correctness of the trial court's conclusion that the state is the party plaintiff is established beyond question by State Highway Commission v. Utah Construction Co., 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262; Postal Telegraph Co. v. State of Alabama, 155 U.S. 482, 483, 15 S.Ct. 192, 39 L.Ed. 231; Cargile v. New York Trust Company, 8 Cir., 67 F.2d 585; Robertson v. Wolf River Lumber Company, 5 Cir., 269 F. 606; State Highway Commission v. Kansas City Bridge Co., 8 Cir., 81 F.2d 689; Roberts v. New Mexico, 8 Cir., 294 F. 48; State of North Dakota v. National Milling Co., 8 Cir., 114 F.2d 777; Mitchell v. Stephens, D. C., 285 F. 756; Cf. Kansas City Bridge Co. v. Alabama State Bridge Corp., 5 Cir., 59 F.2d 48, 49. It makes here the further insistence not made below, that the suit is not a civil suit but one for a penalty, and it also insists that upon the doctrine of "forum non conveniens",[3] the court should decline to take jurisdiction.

 We are not impressed with the view that the suit is not a civil suit. We think it plain that it is. Nor do we find it necessary to consider whether this is a case where jurisdiction if it existed ought to be declined, upon considerations of referring the decision of peculiarly state questions to the state courts. For we think it quite plain that the suit though nominally brought by Craig is in fact the suit of the State of Mississippi and that diverse citizenship requisite to jurisdiction is lacking.

What apparent conflict there seems to be in the decisions, is, we think, no conflict at all but is an appearance due to the failure to clearly apprehend the differences in the cases due sometimes to differences in the facts and sometimes to differences in the settled law of the state[4] with regard to the separateness or lack of separateness from the state, of state agencies, authorized to sue and be sued.

In this circuit, it is settled that, except as in Farnsworth's case where under settled state law, the agency is endowed with such a separate and distinct existence as that its activities are not those of the state, suits by and against a state agency in the interest of the state are suits by and against the state. Kansas City Bridge Co. v. Alabama State Bridge Corp.; Robertson v. Wolf River Lumber Company, supra.

The judgment dismissing the suit for want of jurisdiction was right. It is affirmed.

---

3 Thompson, Trustee, v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; Fidelity Union Trust Co. v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109; Blair, "The doctrine of Forum Non Conveniens in Anglo-American Law," 29 Col.L.Rev. 1.

4 The only case we have found which at all questions the controlling effect of settled state law on the question of whether the state is in fact a party, is, State Highway Commission v. Kansas City Bridge Co., 8 Cir., 81 F.2d 689; but see from the same circuit, State of North Dakota v. National Milling Co., 114 F.2d 777; State of Missouri v. Homesteaders Life Association, 90 F.2d 543.