[No. 31116. Department Two. March 3, 1950.]

ROBERT J. DeLONGE, *Appellant,* v. RICHFIELD OIL CORPORA-
TION, *Respondent.*[1]

*Parr & Baker,* for appellant.

*O'Leary, Meyer & O'Leary,* for respondent.

HAMLEY, J.—On September 1, 1946, Robert J. DeLonge
entered into possession of the One Stop Service Station, at
Olympia, Washington, under a lease from Richfield Oil Cor-
poration. The lease contained a nonassignment clause, and
provided that either party could terminate the lease on
twenty-four hours' written notice. In the summer of 1947,
DeLonge became delinquent in the payment of rent to Rich-
field, and indicated to the latter his willingness or desire to
sell the business. Both DeLonge and Richfield began looking
for a prospective purchaser and each secured one. On Sep-
tember 22, 1947, Richfield's representatives and Stanley

[1]Reported in 215 P. (2d) 701.

Winters, the prospective purchaser Richfield had found, met with DeLonge and Horace DeHoog, the prospective purchaser DeLonge had found, at the service station. Richfield's representatives declined to approve the sale of the business to DeHoog, and insisted that the new tenant be Winters.

DeLonge worked most of that day taking an inventory of the stock of goods, which inventory was checked by Winters and one of the Richfield representatives. At six o'clock that evening, the Richfield representative orally advised De-Longe that Winters would take over and operate the station at eight o'clock the next morning, September 23, 1947. Winters bought from DeLonge all of the Richfield approved products, in the amount of $1,603.16, then in the station. Winters refused to buy other products which DeLonge then had at the station. DeLonge worked all that night segregating and moving to his place of residence the products and articles of personal property not purchased by Winters. Winters took over the station at eight o'clock a. m., September 23, 1947.

DeLonge thereupon brought this action against Richfield to recover damages by reason of alleged unlawful eviction. The complaint and amended complaint were not (except for paragraph VIII of the amended complaint) made a part of the record before us. However, we understand from the briefs that, at the time of the trial, plaintiff sought to establish two items of damage: The cost of moving the inventory from the premises; and the loss occasioned by the forced sale of such inventory after its removal from the premises. Defendant cross-complained for back rental and for merchandise sold to plaintiff and not paid for, the total of both items being $364.55.

It was stipulated in open court that defendant should have judgment on its cross-complaint as prayed for, and this item was therefore not submitted to the jury. As to the complaint and amended complaint, the trial court limited the jury to the consideration of the item of damage based on the cost of moving the inventory from the premises. The jury returned a verdict for plaintiff in the sum of thirty

dollars, this sum representing the cost of moving the inventory. Judgment was thereupon entered for the defendant in the sum of $334.55, on the basis of the stipulation and jury verdict. Plaintiff has appealed.

■ Appellant first assigns as error the giving of instruction No. 17, relating to the measure of damage. Only the first sentence of this instruction is set out in the brief. Rule 16 (5), Rules of Court (18 Wn. (2d) 18-a) requires that whenever error is assigned upon the giving or failure to give instructions, such instructions "shall be set out in the brief in full." This assignment of error therefore cannot be considered. *State v. Hussey*, 188 Wash. 454, 62 P. (2d) 1350; *State v. Severns*, 13 Wn. (2d) 542, 125 P. (2d) 659; *Choate v. Robertson*, 31 Wn. (2d) 118, 195 P. (2d) 630.

■ Appellant's last three assignments of error concern the trial court's failure to give certain requested instructions. Each of these requested instructions relates to damage sustained by appellant because of the necessity of his making a forced sale of the portion of the inventory which he removed to his home. At the time of the trial, on objection by respondent, appellant was not allowed to introduce any evidence to prove this claimed damage. Following this ruling, appellant's exhibit B, which was a copy of the inventory and constituted the only specific evidence as to the items removed to appellant's home, was withdrawn from the jury. At the close of appellant's case, the trial court granted respondent's motion to withdraw from the consideration of the jury any claim of damage based on the forced sale of the inventory.

There accordingly being no evidence before the jury as to this item of damage, the proposed instructions, submitting that item for the consideration of the jury, were properly rejected. *Nye v. Kelly*, 19 Wash. 73, 52 Pac. 528; *Rich v. Ryan*, 103 Wash. 474, 175 Pac. 32; *Hanson v. Roesch*, 104 Wash. 257, 176 Pac. 349.

■ Appellant did not assign as error any of these rulings of the trial court which operated to exclude from the jury all evidence on this item of damage. Nor did appellant assign

as error the giving of that portion of instruction No. 17 which expressly advised the jury that it could not consider any damages alleged to have been incurred as the result of the loss or the forced sale of appellant's inventory. Under Rules 16 (5) and 21, Rules of Court (18 Wn. (2d) 18-a and 21-a), alleged errors of the superior court will not be considered unless the same be clearly pointed out and discussed in the appellant's brief. *Hubbell v. Ernst,* 198 Wash. 176, 87 P. (2d) 985.

Had these rulings been assigned as error we still could not have considered them, since appellant did not except to instruction No. 17 on the ground now relied upon, *i.e.,* that this item of damage should not be taken from the jury. Appellant's only exception to instruction No. 17 was that the word "direct" should not have been used. Where the exception to an instruction is of limited scope, the range of argument before this court is similarly limited. *Boyle v. Lewis,* 30 Wn. (2d) 665, 193 P. (2d) 332. Instruction No. 17 therefore became the law of the case with respect to the exclusion of this item of damage.

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, MALLERY, and HILL, JJ., concur.