**William Rice LUMMIS and Annette Gano Lummis**

v.

**Mark WHITE et al.**

**Civ. A. No. A-78-CA-148.**

United States District Court, W. D. Texas, Austin Division.

July 27, 1979.

**6**

R. James George, Jr., Graves, Dougherty, Hearon, Moody & Garwood, Austin, Tex.; Bradley Westmoreland and O. Clayton Lilienstern, Andrews, Kurth, Campbell & Jones, Houston, Tex.; Professor James William Moore, New Haven, Conn., for plaintiffs.

Mark White, Atty. Gen. of Texas, and William D. Deaderick, Asst. Atty. Gen. of Texas, Austin, Tex., Jerome B. Falk, Jr. and Steven L. Mayer, Howard, Prim, Rice, Nemerovski, Canady & Pollak, San Francisco, Cal., Donald S. Thomas and Paul J. Van Osselaer, Clark, Thomas, Winters & Shapiro, Rick Harrison, McGinnis, Lochridge & Kilgore, Charles D. Dye, Brown, Maroney, Rose, Baker & Barber, Austin, Tex., Myron Siedorf and James R. Birnberg, Cal. Div. of Inheritance & Gift Tax, Ronald E. Gother, Gibson, Dunn & Crutcher, Los Angeles, Cal., for defendants.

Herbert L. Moody, Jr., U. S. Dept. of Justice, Washington, D. C., Jamie C. Boyd, U. S. Atty., W. D. of Texas, Hugh P. Shovlin, Asst. U. S. Atty., San Antonio, Tex., for United States.

### ORDER

ROBERTS, District Judge.

On July 10, 1979, oral arguments were heard on the Motions to Dismiss of Defend-

ants Cory and Alvord (hereinafter referred to as the "California Defendants" or "California") and Defendants White and Bullock (hereinafter referred to as the "Texas Defendants" or "Texas"). After careful consideration of the briefs and the arguments of counsel, the Court is of the opinion that the Motions to Dismiss are meritorious and should be granted.

In the way of background suffice it to say that the present action was brought after the State of California petitioned the United States Supreme Court for leave to file a complaint seeking to invoke that court's original jurisdiction. In June of 1978, a unanimous court denied California's motion. *California v. Texas*, 437 U.S. 601, 98 S.Ct. 3107, 57 L.Ed.2d 464 (1978). In concurring opinions four members of the court suggested that the Hughes estate might obtain a judgment under the Federal Interpleader Statute (28 U.S.C. § 1335) that would be binding on both Texas and California and thereby avoid the possibility of conflicting state court determinations of domicile and death tax liability. Shortly after this opinion the Texas Administrators of the Hughes estate filed the present interpleader action.

After considering the briefs and arguments of able counsel the court is persuaded the interpleader action should be dismissed as this court is without subject matter jurisdiction over the statutory interpleader claim. The Statutory Interpleader Act, 28 U.S.C. § 1335, provides in pertinent part:

> "The District Courts shall have original jurisdiction of any civil action . . . in the nature of interpleader filed by any person . . . having in his . . . custody or possession money or property of the value of $500 or more . . . if . . . [t]wo or more adverse claimants, of diverse citizenship as defined in Section 1332 of this title, are claiming or may claim to be entitled to such money or property . . .."

It is the position of the Texas and California Defendants that the Plaintiffs' action does not involve two or more adverse claimants of diverse citizenship as the statute requires. We agree.

By the terms of the statute a claimant must be both adverse and claiming or may claim to be entitled to the money or property in the custody of the stakeholder. The court is of the view that of the parties named by the Plaintiffs in this action, only the United States and the California and Texas taxing officials are claimants under the interpleader statute.

The adverseness in this instance is among the various taxing authorities for they are the only parties "claiming or [who] may claim to be entitled to such money or property" held by the stakeholder. The Plaintiffs argue that the Administrators of the Hughes estate in Nevada and other states are claimants, but it is clear that none of the Administrators have a claim against the money or property in the custody or possession of the plaintiff stakeholder; accordingly none meets the requirement for a claimant. *See Fulton v. Kaiser Steel Corporation*, 397 F.2d 580 (5th Cir. 1968).

The court also notes that the Texas Administrators, the Plaintiffs in this action, and the Administrators of the Hughes estate in other states, named Defendants in the present cause, have the same ultimate interest in the outcome of this litigation. At the hearing on the motions to dismiss Mr. William Rice Lummis, the Texas Administrator and Plaintiff in this matter, admitted during cross-examination that the Plaintiff Administrators and the Defendant Administrators were working in unison toward a common goal. As Professor Wright noted, "[i]t is the court's duty to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3607 citing *City of Dawson v. Columbia Trust Company*, 197 U.S. 178, 25 S.Ct. 420, 49 L.Ed. 713 (1905). The court thus feels that in aligning parties according to their interests it is duty bound to realign the named Defendant Administrators of the Hughes estate with the Plaintiff Administrators. As Plaintiff Adminstrators, the Administrators of the Hughes estate from the states of Nevada,

Delaware, Louisiana, and California are certainly not claimants for the purpose of this statutory interpleader action.

With the United States and the Texas and California taxing officials identified as claimants in this cause, the court now turns its attention to the question of diverse citizenship that the statute requires of the claimants. The Federal Interpleader Act, 28 U.S.C. § 1335, refers to "adverse claimants, of diverse citizenship as defined in section 1332 of this title." Section 1332 of Title 28, United States Code provides in pertinent part:

"The district courts shall have original jurisdiction of all civil actions . . . between . . . citizens of different States . . . ."

■ There is no question that the United States is not a "citizen of a state" for diversity purposes. *Kent v. Northern California Regional Office of American Friends Service Committee*, 497 F.2d 1325 (9th Cir. 1974). Likewise, there is no question that Defendant H. B. Alvord, the acting County Treasurer for the County of Los Angeles, California is a citizen of the state of California for diversity purposes. *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). The Court need not consider whether Defendant Kenneth Cory, the acting Controller of the state of California, is a citizen of that state for diversity purposes as such a finding would not add a "diverse citizenship" to that of Mr. Alvord's.

■ In determining the citizenship of parties for diversity purposes, the court looks not to the named parties in the complaint, but to the real parties in interest in the litigation. "The general rule is that the citizenship of the real party in interest is determinative in deciding whether diversity jurisdiction exists; the presence of a nominal or formal party is irrelevant for purposes of measuring the court's subject matter jurisdiction." Wright & Miller, Federal Practice and Procedure: Civil § 1556. Were this not the case, parties could circumvent the limits on federal jurisdiction by creating or destroying jurisdiction by merely adding nominal parties to an action.

■ This principle has been applied in the context of actions by or against state officers or officials where the real party in interest is the state. The Defendants cite the case of *Craig v. Southern Natural Gas Co.*, 125 F.2d 66 (5th Cir. 1942), for the proposition that a suit against a state taxing official, growing out of his official duties as a collection agent for the state, is a suit against the state. We agree and find the existence of a similar situation here. The authority by which the Texas Attorney General (White) and the Texas Comptroller (Bullock) act for the state is well documented. *See* Tex.Tax-Gen.Ann. arts. 1.032, 1.032A, 1.10, 14.01, 14.13–14.22; and Tex. Rev.Civ.Stat.Ann. arts. 4396 and 4407. As it is clear that the Texas Attorney General and Comptroller act not as individuals, but as agents of the state, and the state is the sole beneficiary of those actions, we find those parties to be purely nominal parties in this action with the state being the real party in interest.

■ It has long been held that a state is not a citizen of itself for federal diversity purposes. *Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231 (1894). Thus, the inclusion of the nominal parties White and Bullock does not provide a "claimant of diverse citizenship." After examining all of the "adverse claimants" the court finds that only one has a citizenship for federal diversity purposes. While only minimal diversity is required under 28 U.S.C. § 1335 [*State Farm Fire and Casualty Co. v. Tashire*, 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967)], the statute does require that at least two claimants be of diverse citizenship as defined in 28 U.S.C. § 1332. Here as in *Kent v. Northern California Regional Office of American Friends Service Committee*, 497 F.2d 1325 (9th Cir. 1974), "the requisite diversity is lacking." *Id.* at 1327. Accordingly, the interpleader claim should be dismissed.

■ The Plaintiffs seek to avoid this result by claiming in their First Amended Complaint that the state taxing officials are

acting unconstitutionally. They claim that such action brings those officials under the doctrine of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) where it was held that a suit against a state official alleged to be acting unconstitutionally is not a suit against the state for purposes of the Eleventh Amendment. The Plaintiffs argue that by analogy the court should look to the individual defendant rather than the state in determining the citizenship for federal diversity purposes. The validity of the analogy is a moot point for it is clear that the actions complained of are not unconstitutional.

The Plaintiffs' claim that the threatened collection of a death tax by more than one state constitutes a deprivation of property without due process of law and a denial of equal protection of the laws was considered by the Supreme Court in *Worcester County Trust Co. v. Riley*, 302 U.S. 292, 58 S.Ct. 185, 82 L.Ed. 268 (1937). In a case strikingly similar to the present action, the court held that the constitution did not forestall the possibility of conflicts of decisions of the courts of two states. *Id.* at 298, 58 S.Ct. at 187. Plaintiffs seek to avoid that precedent by referring to the concurring opinions in *California v. Texas*, 437 U.S. 601, 98 S.Ct. 3107, 57 L.Ed.2d 464 (1978) where a minority of the court intimated that an interpleader action like that in *Worcester County* would no longer be barred by the Eleventh Amendment. This court finds that the fact that the Eleventh Amendment bar may have been removed by *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), has nothing to do with the continuing validity of the *Worcester* court's finding that the acts of the state taxing officials were not unconstitutional. Indeed, Justice Stewart, author of the principal concurring opinion in *California v. Texas*, specifically noted that "there is no constitutional impediment to both California and Texas imposing death taxes upon the Hughes estate by proceedings in their own courts." *California v. Texas*, 437 U.S. at 612 n.13, 98 S.Ct. at 3114 n.13 (Stewart, J., concurring).

■ The Plaintiffs having failed to establish jurisdiction for their statutory interpleader claim, the court now turns to the additional claims the Plaintiffs raised in their First Amended Complaint. In Counts II and III of the complaint the Plaintiffs attempt to establish this court's jurisdiction independent of the interpleader statute. Count II alleges that jurisdiction exists under 28 U.S.C. § 1331, the federal question statute, as the state taxing authorities of Texas and California are violating Plaintiffs' rights because the state court proceeding in neither state can protect the estate from being found liable for death taxes in other states.

This argument warrants little attention. Justice Stone, writing for a unanimous court in *Worcester County Trust Co. v. Riley*, 302 U.S. 292, 58 S.Ct. 185, 82 L.Ed. 268 (1937), noted:

"Neither the Fourteenth Amendment nor the full faith and credit clause requires uniformity in the decisions of the courts of different states as to the place of domicil, where the exertion of state power is dependent upon domicil within its boundaries. Hence it cannot be said that the threatened action of respondents involves any breach of state law or of the laws or Constitution of the United States." (citations omitted).

As previously noted, Justice Stewart in his concurring opinion in *California v. Texas, supra*, pointed out that there was no constitutional impediment to the actions the Plaintiffs complain of. Accordingly, this claim must be dismissed for failure to state a claim upon which relief can be granted.

In Count III of the complaint Plaintiffs allege that the Defendant taxing officials are in violation of the provisions of 42 U.S.C. § 1983. Although some of the claims raised in this Count are quite imaginative, the court is not persuaded by any of these claims. After careful consideration of each point the court is of the opinion that this count of the complaint should be dismissed as the claims fail to state a claim upon which relief can be granted, or the Plaintiffs are not the proper parties to advance

them, or the claims do not present a constitutionally ripe case or controversy.

Having examined the additional grounds raised by the Texas and California Defendants in their Motions to Dismiss and finding them unpersuasive, the court is of the opinion that this action should be dismissed for the reasons set out above.

 In closing, the court wishes to note that it is not unsympathetic to the potential plight of the Plaintiffs in this action; however, it is incumbent upon this court, and indeed any federal court, to scrupulously confine its own jurisdiction to the precise limits which a federal statute has defined. *Victory Carriers, Inc. v. Law,* 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971). It is accordingly

ORDERED, ADJUDGED and DECREED that the Motions to Dismiss of the California Defendants and the Texas Defendants be, and hereby are, GRANTED.