[No. 7667.   Decided November 23, 1908.]

## F. J. DUSKEY, *Respondent*, v. GREEN LAKE SHINGLE COMPANY, *Appellant*.[1]

APPEAL—RECORD—OBJECTIONS.   Error cannot be assigned on permitting an amendment to the complaint where the record does not disclose the ruling.

MASTER AND SERVANT—NEGLIGENCE—ISSUES AND PROOF.   In an action for injuries to the operator of a shingle machine, evidence of negligence as to the use of a "filled-in" table, and in permitting children in the mill, is admissible where charged as negligence in the complaint.

EVIDENCE—MORTALITY TABLES—ADMISSIBILITY.   Upon an issue as to permanent, although only partial, disability by reason of the loss of fingers, mortality tables are admissible.

APPEAL—REVIEW—INSTRUCTIONS COVERED IN GENERAL CHARGE.   It is not error to refuse instructions covered in the general charge.

DAMAGES—INSTRUCTIONS—PREVIOUS DISABILITY—EARNING CAPACITY.   An instruction to consider the difference in the earning capacity of the plaintiff before and after the accident, for loss of fingers, covers consideration of the fact that he had already lost the tips of his fingers in a previous accident.

MASTER AND SERVANT—DANGEROUS MACHINERY—ASSUMPTION OF RISKS—PROMISE TO REPAIR—EVIDENCE—SUFFICIENCY.   The question of negligence and assumption of risks is for the jury where there was evidence that the operator of a shingle machine lost his fingers by reason of the open condition of the table, which was unsafe and which the employer had promised to repair or "fill-in", and that plaintiff continued work for but a short time in reliance on the promise; although there were inconsistencies in the plaintiff's claims, and it appeared that he was experienced and had worked on the machine about a year, and only made complaint in a moment of anger two days before the accident.

DAMAGES—INJURIES—EXCESSIVE VERDICT.   A verdict for $2.080, for the loss of the tips of four fingers of the left hand of a man 28 years of age, impairing his earning capacity to the extent of one dollar a day, is not excessive.

ROOT, J. dissenting.

[1]Reported in 98 Pac. 99.

Appeal from a judgment of the superior court for King county, Tallman, J., entered July 9, 1908, upon a verdict rendered in favor of the plaintiff, in an action for injuries sustained by the operator of a shingle machine.   Affirmed.

*Geo. W. Saulsberry (J. P. Wall* and *L. Y. Devries,* of counsel), for appellant.

*Willett & Willett,* for respondent.

RUDKIN, J.—This action was instituted to recover damages for personal injuries sustained by the plaintiff while operating a double-block shingle machine, in the defendant's mill, in the city of Seattle.   The negligence charged in the complaint was:   (1) That the shingle machine was not properly guarded so as to prevent the hand of the operator from being caught and carried into the saw; (2) that the defendant carelessly and negligently employed and kept in its employ negligent and incompetent servants; and (3) that the defendant carelessly and negligently suffered and permitted children to enter and remain in its mill.   The answer denied the negligence charged in the complaint, and alleged negligence of fellow servants, contributory negligence, and assumption of risk.   The affirmative answer was denied by reply, and the case came on for trial.   The jury returned a verdict in favor of the plaintiff in the sum of $2,080, and from the judgment entered on this verdict, the defendant has appealed.

It is first contended that the court erred in permitting the filing of a second amended complaint.   The record discloses no ruling on this question in the court below. For aught that appears, the amended complaint may have been filed by consent; hence we cannot consider this assignment.

It is next contended that the court erred in admitting testimony in reference to a "filled-in" table, and in reference to children coming into the mill.   These were two of the grounds of negligence charged in the complaint; counsel has sug-

gested no reason why respondent should not have been permitted to prove them, if he could, and we perceive none.

It is next contended that the court erred in admitting life expectancy or mortality tables in evidence. The testimony tended to show that the respondent lost the tips of all four fingers of the left hand, and that such injury constituted a permanent, though only partial, disability. Under such circumstances the tables were properly admitted.

It is next contended that the court erred in refusing to give certain requested instructions relating to the defenses of assumption of risk and negligence of fellow servants. An examination of the record shows that instructions on these points, fully as favorable to the appellant as those requested by it, were embodied in the general charge of the court.

It is next contended that the court erred in refusing to instruct the jury that they should consider the previous loss of the tips of some of the same fingers. The record discloses no request for such an instruction; but in any event we think the court did so charge in effect when it told the jury to consider the difference in the earning capacity of the respondent before and after the accident.

It is next contended that the court erred in refusing to direct a verdict in favor of the appellant at the close of the testimony. The case made by the respondent is not a strong one. The chief ground of negligence charged in the original and first amended complaint was that the respondent had neither notice nor knowledge that the machine was not properly constructed, and that he was not instructed in the proper use of the machine; in his second amended complaint the respondent alleged that he had full knowledge of the faulty construction of the machine, that he threatened to quit work a few days before the accident unless the machine was repaired or "filled-in," and that he thereafter remained in the employ of the appellant only because the foreman promised to make the desired repairs; and at the trial the respondent qualified as an expert of many years experience in the operation of

such machinery. It further appears that he worked on the same machine for almost a year before the accident, and for two or three weeks after the accident, and that his only complaint as to its faulty construction was made fortuitously in a moment of anger about two days before the accident. But while these inconsistencies in positions and conduct might furnish strong reasons why the jury should have returned a different verdict, they furnish no reason why an appellate court should set aside a verdict which is sustained by competent testimony; and we are constrained to hold that there was such testimony in this case. There was testimony tending to show that an open table machine is unsafe, that the appellant promised to repair or "fill in" the table, that the respondent continued to operate the machine in reliance upon this promise, that he was injured very soon after the promise to repair was given, without fault on his part, and that the injury was caused by the defective condition of the machine and would not have occurred had the promised repairs been made.

The last error assigned is the overruling of a motion for a new trial. The only new question presented by the motion is the claim of excessive damages. The testimony tended to show that the earning capacity of the respondent, a man of 28 years of age, was impaired by the injury to the extent of about $1 per day; and in view of his age and the nature and extent of the injury, we cannot say that the verdict is excessive.

Finding no error in the record, the judgment is affirmed.

FULLERTON, DUNBAR, and MOUNT, JJ., concur.
HADLEY, C. J., and CROW, J., took no part.
ROOT, J., dissents.