[No. 20011.  Department Two.  July 2, 1926.]

GEORGE BLOUEN, *Appellant*, v. QUIMPERE CANNING COMPANY *et al., Respondents.*[1]

[1] ELECTION OF REMEDIES (1)—CAUSES OF ACTION SUBJECT TO ELECTION. Error cannot be assigned upon refusing to require an election between two causes of action, pleaded for the recovery of the same sum, where only one judgment therefor is asked.

[2] APPEAL (136)—PRESERVATION OF GROUNDS—NECESSITY OF EXCEPTIONS. Error cannot be assigned upon dismissing a party from an action where no objection was made and no exceptions taken.

[3] EVIDENCE (37)—RELEVANCY—COLLATERAL FACTS—AS TO ONE PARTY. In an action against several defendants, including an estate, it is not error to exclude, as to the estate, exhibits with which the decedent had no connection, or which were incompetent as against the estate.

[4] WITNESSES (44)—COMPETENCY—TRANSACTIONS WITH PERSON SUBSEQUENTLY DECEASED. Fraudulent acts of the decedent cannot be shown, as against his estate, by evidence of conversations and transactions had with the decedent.

[5] JUDGMENT (54)—NOTWITHSTANDING VERDICT—WHEN IMPROPER. It is error to grant judgment notwithstanding the verdict where there was evidence upon which the jury could have found as it did.

[6] APPEAL (352)—ASSIGNMENT OF ERRORS—NOT ASSIGNED IN BRIEF. Error not assigned in the brief will not be considered on appeal.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 25, 1925, in favor of the defendants, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

*C. J. Smith* and *John T. Casey,* for appellant.

*Clarence L. Gere,* for respondents Schermer.

*Rummens & Griffin,* for respondents Jackson.

[1]Reported in 247 Pac. 940.

MACKINTOSH, J.—The appellant, in his complaint, attempted to set up two causes of action. The first was on a promissory note in the sum of $2,000 signed by the Quimpere Canning Company, and Kem and Schermer, the individuals being married men and stockholders in the company, and the money being obtained to promote the business of the company. For a second cause of action, the appellant alleged that the $2,000, referred to in the first cause of action, was obtained from him through fraudulent misrepresentations as to the condition and business affairs relating to the cannery. And in this cause of action, in addition to the defendants named in the first cause of action, were joined one Jackson and his wife, it being alleged that Jackson was the broker who secured the loan from the appellant. Before the action came to trial, Jackson died, and Mrs. Jackson was substituted as administratrix of his estate. When the case came to trial, a motion was made to compel the appellant to elect on which cause of action to proceed; and the motion being granted, he elected to continue on the second cause of action. During the course of the trial, Mrs. Kem, Mrs. Schermer, Mrs. Jackson and Mrs. Jackson, as administratrix of her deceased husband's estate, were dismissed. The cause proceeded to a verdict, which was returned in favor of the appellant and against the cannery company, Kem and Schermer. A motion having been made for judgment notwithstanding the verdict, it was granted, and the appellant is here presenting his several assignments of error.

[1] The first of these is that the court was incorrect in compelling him to elect on which cause of action he would proceed. Even if there were merit in the appellant's position upon this point, it is one which it is unnecessary to consider now, in view of the fact that ·

other points raised by the appellant must be decided in his favor, which will make this question immaterial, as it is conceded that the appellant is only attempting to recover one judgment for $2,000, and not separate judgments on each cause of action.

[2] The next assignment of error is directed to the dismissal of the action against Mrs. Kem and Mrs. Jackson. The record shows that, when the court dismissed Mrs. Jackson from the action, the appellant made no objection to it, took no exception, and is therefore not now in a position to question this action of the court. It would seem that the court was in error in dismissing Mrs. Kem. The fraud, if one was perpetrated, was connected with the securing of money for a corporation in which Kem was interested and, under such circumstances, the community would be liable for the tort of the husband. *DePhillips v. Neslin, ante,* p. 51, 245 Pac. 749.

[3] The refusal of the court to admit certain exhibits as to the Jackson estate is next claimed to have been erroneous. These exhibits were introduced in the trial of the cause as against the defendants, other than the Jackson estate, and in our view, were properly excluded as evidence against that estate, as the first of these exhibits was the note on which the first cause of action was predicated, to which Jackson never was a party, and with which, according to the testimony, he had no connection, the note having been made by the other respondents and having been delivered by them to the appellant. Another of the exhibits was the statement of the financial responsibility of Schermer, which, under the evidence, was delivered to the appellant by Schermer himself and with which Jackson had no connection. The other exhibit related to a transaction between the appellant and Jackson, about which the ap-

pellant would not be entitled to testify, Jackson being deceased; and, moreover, if it could have been properly admitted, it was of no material bearing upon the case.

[4] It is urged that the court was in error in granting a nonsuit as to the Jackson estate. A great deal of evidence was introduced in the case in connection with Jackson and the alleged fraud, but this consisted of conversations and transactions had between the appellant, who was testifying as a witness, and Jackson. Under § 1211, Rem. Comp. Stat. [P. C. § 7722], such testimony cannot be admitted against the estate, and was only admitted in this case as against the other respondents. The record, stripped of this testimony, presents no evidence of any fraudulent acts on the part of Jackson, and therefore nothing for which his estate could have been answerable.

[5] The last assignment of error is that the court should not have granted a judgment notwithstanding the verdict. An examination of the facts in the case shows that there was sufficient from which the jury could have found, as it did, that the money was obtained from the appellant by reason of representations concerning the existence of an operable cannery on Puget Sound, equipped for the purpose of canning clams and having been engaged in that industry, with a contract for a large output already made, insuring a very substantial profit. And there was sufficient testimony showing that this and other representations were untrue when made, and known to be so. In view of this testimony, it was improper to set aside a verdict awarding to the appellant the return of the money secured from him by such means.

[6] Some suggestion is made in the brief that the court was in error in dismissing the action against Mrs. Schermer, but this is a point which is not before us

for consideration, for the reason that no assignment of error is made in regard to it.

The judgment will be reversed, with instructions to enter judgment upon the verdict and to grant to the appellant a new trial against Kem and Mrs. Kem as a community.

TOLMAN, C. J., PARKER, ASKREN, and MITCHELL, JJ., concur.