[No. 19846. Department Two. July 21, 1926.]

JOHN CATLIN, *Respondent,* v. NELSON G. MILLS *et al.,* *Appellants.*[1]

[1] MORTGAGES (134)—RIGHT TO FORECLOSE—TAXES—RECOVERY— LIMITATIONS. A mortgagee who pays taxes to protect the mortgaged property is subrogated to the liens of the county and state, and is entitled to recover the tax payments although the mortgage may be barred by the statute of limitations.

[2] LIMITATION OF ACTIONS (67, 72)—PAYMENTS—AGAINST WHOM MADE OR BY WHOM PAID. A payment of interest by the husband upon a community note after the statutory period of limitations has run revives the note as against the community; in view of Rem. Comp. Stat., §§ 6892, 6893, conferring upon the husband the management and control of the community property and making him the community agent.

Appeal from a judgment of the superior court for Kittitas county, Paul, J., entered November 28, 1925, upon findings in favor of the plaintiff, in an action for the foreclosure of a mortgage, tried to the court. Affirmed.

*Edward Pruyn* and *Howard Garrison,* for appellants.

*Jay A. Whitfield* and *Ralph Kauffman,* for respondent.

MACKINTOSH, J.—On November 7, 1899, James L. Mills and Marie L. Mills, husband and wife, executed

[1]Reported in 247 Pac. 1013.

a note due November 7, 1904, for the sum of $3,500, payable to Phoebe J. Catlin, with interest at ten per cent payable annually. To secure this note, a mortgage was made by the husband and wife on their community property, and the debt was a community obligation. On February 22, 1922, Marie L. Mills died, and James L. Mills died on March 24, 1924. The respondent, John Catlin, became the owner and holder of the note and mortgage, and in July, 1925, began this suit to recover the balance due on the note and to foreclose the mortgage security. The action was brought against the appellants, who are the children and sole beneficiaries under the wills of Marie L. Mills and James L. Mills. In the complaint, in addition to the amount due on the note, there was sought to be recovered payments made by the respondent of delinquent taxes upon the mortgaged land. After judgment in favor of the respondents, this appeal was taken, which presents, as the first question to be determined, the right of the respondent to recover for taxes paid by him as mortgagee, even though the mortgage obligation might itself have been extinguished by the statute of limitations.

[1] Under the law, a mortgagee, who pays taxes to protect mortgaged property, is subrogated to the liens of the county and state upon such property, and those liens not being subject to the operation of the statute of limitations, the mortgagee is entitled to recover tax payments, even though the mortgage may be no longer enforcible. In *Childs v. Smith,* 51 Wash. 457, 99 Pac. 304, 130 Am. St. 1109, and the same case on rehearing in 58 Wash. 148, 107 Pac. 1053, it was held that a mortgagee, whose mortgage may have been outlawed, has an equitable lien for taxes and assessments paid by him in good faith under the belief that the mortgage was valid, by virtue of Bal. Code, § 1740.

[2]   The principal question in the case concerns the operation of the statute of limitations against the note and mortgage.   Upon the note there are endorsed several payments in the years 1900, 1901, 1902, 1903, 1904, 1905, 1906 and 1909; but, as to who made these payments, the death of so many of the parties interested has precluded the introduction of any satisfactory evidence, and these endorsements will be taken merely as selfserving declarations and not of any weight in tolling the statute.   There are endorsements, however, on October 24, 1914, in the sum of $25, October 24, 1920, in the sum of $100, and November 27, 1920, in the sum of $500, which are testified to as having been made by James L. Mills.   Under Rem. Comp. Stat., § 177 [P. C. § 8184], any payment of principal or interest on a note after it has become due starts the statute of limitations from the time of such payment.   The payment on October 24, 1914, extended the statute for another six years beyond that date, and the payments in October and November, 1920, would have the same effect.

The question is, however, whether these payments, having been made by James L. Mills, had any effect in keeping alive the obligation against the community. The appellants take the position that the payments made by the husband, after the statute had once run against the note, could only result in continuing the obligation against him individually, and would not have any effect as against the community.   The general rule is relied on that, where there are joint debtors on an obligation, a payment, after the statute has run, by one of the joint debtors binds him only and starts the statute anew as to him only.   This rule has found its last statement by this court in *Farmers & Mechanics Bank v. San Poil Consol. Co.*, 126 Wash. 137, 217 Pac. 707, where we said:

"So, that, generally speaking, the rule in this state is that a payment made by one of two or more joint and several makers of a promissory note will start anew the running of the statute of limitations only as to the person making the payment. But circumstances may arise where, although payment was made by one co-maker, the intention was that it should be made for and its effects be binding upon the other makers. So that the rule adopted by this and many other states is that a payment made by one joint debtor shall affect the statute of limitations only as to him, unless such payment was 'authorized or ratified' by the other maker."

But this rule, as is noted in this quotation, bears the qualification that, if the payment was "authorized or ratified" by the other joint maker, the statute then begins to run anew as to both makers, where one has made the payment after the statute has run. The question then becomes, whether a payment by the husband on a community note, after the statutory period of limitations has run, revives the note as against the community. Under our law (Rem. Comp. Stat., §§ 6892, 6893) [P. C. §§ 1433, 1434], the husband has the management and control of the community personal property and of the community real property, except that he cannot sell, convey or encumber real property without the wife joining him. He is the community agent. *Schramm v. Steele,* 97 Wash. 309, 166 Pac. 634; *Stevens v. Naches State Bank,* 136 Wash. 137, 238 Pac. 918; *DePhillips v. Neslin,* 139 Wash. 51, 245 Pac. 749; *Blouen v. Quimpere Canning Co.,* 139 Wash. 436, 247 Pac. 940. A husband's acts done for the benefit of the community are binding upon the community, and it would seem that, when James L. Mills made payments upon a community obligation, he was acting for its benefit and in its behalf, and that therefore those payments started the statute of limitations running anew against the community and that the community was bound thereby.

Some justification for the contrary view is discoverable in the early case in this court of *Stubblefield v. McAuliff*, 20 Wash. 442, 55 Pac. 637, the syllabus of which makes the statement that where a note secured by a mortgage on community realty has been executed by a man and wife, payments of interest by the husband without the authority of the wife, after maturity of the note, does not extend the time of running of the statute of limitations as against her. The opinion itself does not justify this syllabus, for, from the opinion, it appears that the note was the separate obligation of the husband and that the community had mortgaged community property to secure that obligation, and that what was decided was that, where the property of the community had been mortgaged to secure the separate debt of the husband, the wife then occupied merely the position of a surety and was not bound by the husband's act in renewing his separate obligation. That conclusion may be correct. But in so far as there may be contained in the *Stubblefield* case language covering the situation in the case at bar, such language does not express the opinion of this court and the case is no authority for a rule differing from that stated in this opinion.

The judgment of the trial court is correct and is affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and ASKREN, JJ., concur.