[No. 21337. Department One. January 3, 1929.]

AMERICAN SAVINGS & LOAN ASSOCIATION, *Respondent,* v. THOMAS SAWICKI, *Respondent,* ANNIE SAWICKI et al., *Appellants.*[1]

*Frank P. Christensen,* for appellants.
*J. Charles Dennis,* for respondent.

[1]Reported in 273 Pac. 530; 275 Pac. 717.

HOLCOMB, J.—This is an action in interpleader by respondent American Savings & Loan Association against Thomas Sawicki, respondent, and Annie Sawicki and Charles A. Romonasky, appellants.

The complaint stated that the association had in its possession five thousand four hundred eighty-one dollars and sixty-one cents, in the form of stock which was held in the name of Charles A. Romonasky. It was alleged that all or a portion of the fund belonged to Thomas Sawicki; that what portion belonged to each of the other defendants was unknown; that the association stood ready to pay the money under the judgment and direction of the court. The prayer was that the court adjudicate between the defendants as to which one of them was the rightful owner of the fund or in what proportion it was owned by each of them.

In answer to the complaint, respondent Thomas Sawicki alleged that, on about April 3, 1924, he opened an account with the association; that the account, together with the dividends, amounted to the sum set forth in the complaint; that the fund had never been transferred to any other person and was his property.

Defendant Annie Sawicki answered and alleged that on February 28, 1927, she transferred this account to the credit of Charles A. Romonasky, her co-defendant; that her husband and co-defendant, Thomas Sawicki, was fully advised relative to the transfer and that the fund had at all times since February 28, 1927, been the property of Charles A. Romonasky.

She further alleged that on August 1, 1927, she and Thomas Sawicki, for the purpose of settling their financial difficulties and disputes, entered into an agreement dividing their funds, which agreement was in writing and a copy of it was attached to her answer. Her prayer was that she be dismissed as to this ac-

tion, recover her costs, and that her transactions with her co-defendant Charles A. Romonasky be fully confirmed.

Charles A. Romonasky answered, and stated that, on February 28, 1927, in the due and ordinary course, he became a depositor with the association, depositing with it the sum of five thousand three hundred twenty-one dollars and ninety-eight cents; that on June 30, 1927, certain dividends were declared by the association in the sum of one hundred fifty-nine dollars and sixty-three cents, in which amount the association was his debtor, together with any other dividends that may have been earned in due course.

He further alleged that he had read and was familiar with the answer made by his co-defendant Annie Sawicki, adopted the same and incorporated it in his answer in so far as it might be applicable.

The case was tried before the court, without a jury, which made findings of fact and conclusions of law in favor of respondent Thomas Sawicki. Upon these findings and conclusions, a decree was entered, the material portions of the decree being:

"1. That the American Savings & Loan Association, a corporation, pay to the clerk of this court, within five days from the entry of this decree, the sum of $5646.04. Said sum being the fund involved in this case with accumulated dividends thereon.

"2. That the defendant, Thomas Sawicki, be and he hereby is adjudged to be the owner of said fund, and the clerk of this court is hereby ordered to pay said sum of $5646.04, so deposited, to the defendant Thomas Sawicki.

"3. That, upon the payment of said sum to the clerk of this court, the said American Savings & Loan Association, a corporation, plaintiff herein, be relieved of all liability to the defendants, and each and every one of the defendants, relative to any sums on deposit with said association."

The errors assigned are in entry of judgment in favor of Sawicki, the refusal of the judgment in favor of appellants and in the failure of the court to hold that the money in the hands of the association was at least community property, belonging to respondent Thomas Sawicki and appellant Annie Sawicki jointly.

While there is extended discussion of the facts by appellants and various conclusions and interpretations are placed upon certain features of the evidence, after a careful review of the evidence we are satisfied that it preponderates as the court found.

As to appellant Charles A. Romonasky, even counsel for appellant, at the conclusion of the trial, submitted findings to the effect that the transfer on the books of the association to him was without the knowledge and consent of Thomas Sawicki; and that, as between defendants Thomas Sawicki and him, the account was not transferred, and Romonasky was not entitled to a decree.

Prior to her marriage to Thomas Sawicki, seventeen years previously, Annie Sawicki was a widow with three children. Her eldest boy at the time of the marriage was Charles A. Romonasky, then twelve years of age. The Sawickis accumulated a considerable amount of money, which, it appears, they kept carefully separated, and some of it carefully concealed. Their funds were invested in various restaurants which they owned and operated, in savings and loan associations and in mortgages.

Their savings accounts and mortgages were segregated. Certain savings accounts were in the individual name of Annie, others were in the individual name of Thomas, but most of them were in the names of both Thomas *and* Annie. None of the accounts were in the name of Thomas *or* Annie.

The fund in question was opened personally by Thomas with the association on April 3, 1924. There were a few deposits and withdrawals during that year. On December 15, 1925, one hundred dollars was personally withdrawn by him, but from that date there were no changes in the fund, save in the increase due to the semi-annual dividends. Some time later Thomas missed the pass-book, and asked his wife concerning it. She told him it was in the safety deposit box in Tacoma with the other books. Later he visited the association to ascertain how much his dividends were, and to his surprise was informed that he no longer had any account with it.

It appears that Thomas had lost the sum of five thousand dollars through a swindling game of some kind, which caused discord between himself and his wife, and later, on August 1, 1927, they entered into a written agreement relative to the properties they had in common. The agreement is long and unimportant as to the determination of this case, except that an examination of it and of the testimony of both Thomas and Annie Sawicki shows that there never was any intention on the part of either to divide, by that agreement, any fund held separately in the name of either, and that the account held in respondent association, in the name of Thomas, was not intended to be divided.

While the evidence as to the attempted transfer of the savings account in the institution of the association shows some irregularities, the evidence does not preponderate against the finding of the trial court that the account had been deposited in the name of Thomas; that Thomas was not present when the account was attempted to be transferred on the books of the company by Annie to herself and by herself to her son Charles—the inevitable inference being that the

attempted transfer was not only fraudulent, but was never effectively consummated.

While Thomas and Annie Sawicki were living separate and apart during the time of these transactions and of the trial, no divorce action had been instituted by either party, and there has been no accounting of community funds.

The funds being presumptively community until the contrary is convincingly shown, the husband had the right to the management and control thereof. As between him and the association and the other defendants, he could withdraw it until the dissolution of the community and his control should be, in some way, legally annulled. *Daniel v. Daniel,* 106 Wash. 659, 181 Pac. 215; *Catlin v. Mills,* 140 Wash. 1, 247 Pac. 1013.

Although the status of the fund in question, whether it is the community or separate property of Thomas and Annie Sawicki, was not an issue in the case, the decree may be somewhat too conclusive. The trial judge stated in his oral memorandum, at the conclusion of the trial, that he did not think he had any right to determine the rights of the defendants in the deposit.

We hardly consider that the decree can be construed as meaning that the money was to be delivered to Thomas Sawicki as his sole and separate property. However, in order to make it definite and certain, we will here modify the decree slightly so as to say that it shall not be construed as determining any of the rights of the Sawickis between themselves.

With that slight modification in the interest of certainty, the decree is affirmed.

FULLERTON, C. J., BEALS, TOLMAN, and MITCHELL, JJ., concur.

442

Per Curiam—A petition by appellants has been filed for modification of the decision in this court so as to allow costs to appellants.

This is an action in interpleader and the prevailing plaintiff is certainly entitled to costs against the parties resisting its claim.

Respondent, however, consents to a modification as to costs to read:

"Respondent to recover costs against Charles Romonasky and the surety on his appeal bond: neither Thomas nor Annie Sawicki to recover costs against the other."

Upon such consent the decision is modified accordingly. In all other respects the petition is denied.