[No. 26572. Department One. November 16, 1937.]

THE STATE OF WASHINGTON, *on the Relation of Adolph F. Linden, Appellant,* v. LOUIS F. BUNGE *et al., Respondents.*[1]

[1]Reported in 73 P. (2d) 516.

*E. D. Phelan,* for appellant.

*The Attorney General* and *E. P. Donnelly, Assistant,* for respondents.

HOLCOMB, J.—This appeal is from the judgment of the lower court dismissing an application of appellant for writ of mandate against respondents, members of the board of prison, terms, and paroles, together with the warden of the Washington state penitentiary. Respondents demurred to the petition on the ground that the same did not state facts sufficient to constitute a cause of action or to justify any relief. An order was entered sustaining the demurrer and, appellant having refused to plead further, a judgment of dismissal was entered.

Appellant was duly convicted on October 24, 1931, of the crime of grand larceny, by the superior court for King county, and was sentenced on March 11, 1932, by that court, to serve not less than five years and not more than fifteen years on each of three counts, the sentences to run concurrently. This judgment and sentence was affirmed by this court in *State v. Linden,* 171 Wash. 92, 17 P. (2d) 635, and appellant was accordingly committed to the state penitentiary at Walla Walla in March, 1933.

At the time of the sentence in this case, the maximum penalty for the crime was fifteen years. (Rem. Rev. Stat., § 2605 [P. C. § 8948].) Since no minimum penalty was prescribed by this statute, under the law prescribing indeterminate sentences, the court was required to "fix the same in his discretion at not less than six months nor more than five years." (Rem. Rev.

Stat., § 2281, repealed by Laws of 1935, chapter 114, § 9, p. 319.) Under the then existing law, the state board of control, acting in conjunction with the warden of the state penitentiary, was entrusted with discretionary authority to release on parole after the expiration of the minimum term of imprisonment for which a prisoner had been committed under such terms and conditions as were deemed advisable. (Rem. Rev. Stat., § 2282.) Subsequently, the board of prison, terms, and paroles was created. (Rem. Rev. Stat. (Sup.), § 10249-1 [P. C. § 4503-31], Laws of 1935, chapter 114, p. 308.)

It appears that appellant, since his confinement, has conducted himself as a law-abiding inmate, that his institutional record, with the exception of one minor infraction of the rules, has been exemplary, that he has observed and complied with all the rules and regulations of the institution, and has held assignments of exceptional responsibility and trust.

It also appears that appellant completed his full minimum sentence imposed by the court, less one-third "good-time" allowed under the statute and recommended by the superintendent of the penitentiary, in July, 1936. This matter was in turn placed upon the docket of the board of prison, terms, and paroles at its bi-monthly session on July 6, 1936, the superintendent of the penitentiary having ordered the inclusion of appellant's name upon the docket. Appellant was called before the board, and the hearing in question was had at the state penitentiary at Walla Walla on July 8, 1936.

On or about July 13, 1936, the board issued the following order:

"The board of prison terms and paroles has not accepted the recommendation of the superintendent for good time in your case. When the minimum term of

your sentence, as fixed by the court, has been served, your case will again be docketed for consideration by the board."

Appellant does not set forth any specific assignment of error in his brief, but the general tenor of the oral and written argument indicates that the alleged error is that the trial court erred in sustaining the demurrer, inasmuch as the hearing accorded appellant before the board was unfair, and the decision of the board was arbitrary and capricious.

■ The relevant statutory provisions relating to paroles and to the recommendation of time credits are as follows:

"Every prisoner who has a favorable record of conduct at the penitentiary or the reformatory, as the case may be, or the laws of the state, and who performs in a faithful, diligent, industrious, orderly and peaceable manner the work, duties and tasks assigned to him to the satisfaction of the superintendent of the penitentiary or the reformatory, as the case may be, and in whose behalf the superintendent of the penitentiary or reformatory shall file a report certifying that his or her conduct and work have been meritorious and recommending allowance of time credits to him or her, shall upon, *but not until, the adoption of such recommendation by the board of prison, terms and paroles, be allowed time credit reductions from the term of imprisonment fixed by the board of prison, terms and paroles.*" Rem. Rev. Stat. (Sup.), § 10249-2 [P. C. § 4503-32] (b); Laws of 1935, p. 312, § 2 (b). (Italics ours.)

"The board of prison, terms and paroles may permit a convicted person to leave the buildings and enclosures of the penitentiary or the reformatory, as the case may be, on parole, after such convicted person has served the period of confinement fixed for him or her by the board of prison, terms and paroles, less time credits for good behavior and diligence in work as provided for by this board: *Provided,* that in no case shall the inmate be credited with more than one-

third of his sentence as fixed by the board." Rem. Rev. Stat. (Sup.), § 10249-4 [P. C. § 4503-34]; Laws of 1935, p. 313, § 4.

It is thus necessary to determine if the board is assigned ministerial or discretionary duties under the statute cited. The distinction between ministerial and discretionary duties has been stated as follows:

"Although courts have no right to control discretion except where it has been abused, it is none the less within the province of the courts to decide whether an act sought to be enforced is or is not ministerial. Whether the duty imposed is judicial or ministerial is to be determined by the nature of that duty, and not by the tribunal or person that is to discharge it. Judicial tribunals are often charged with the performance of purely ministerial functions and on the other hand executive or ministerial officers are also sometimes charged with judicial or quasi-judicial functions. While there is some conflict of opinion as to what constitutes, strictly speaking, a ministerial duty as distinguished from a discretionary duty, and while it is not always easy to determine where the line of demarcation lies between a ministerial act and an act involving the exercise of judgment, the distinction between merely ministerial and judicial and other official acts is generally said to be that, where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial, but where the act to be done involves the exercise of discretion or judgment, it is not to be deemed merely ministerial." 38 C. J. 597, § 72.

Under the statutes cited above, it is clear that the board is clothed with discretionary authority, and it is not enjoined therein to perform any ministerial acts. The application of the recommendation of a superintendent of the penitentiary for the allowance of time credits is expressly conditioned upon its adoption by the board.

The granting of a parole to a prisoner is also a discretionary act. Parole is not a right, but a privilege to be granted or withheld as sound official discretion may impel.

"Subject to the limitations imposed by statute, the question as to whether a prisoner shall be paroled is a matter for the discretion of the court, or officer or board in whom the authority to parole is vested. As a general rule, the prisoner is not entitled to a parole as a matter of right and, subject to some dissent, a parole is regarded as a mere matter of grace and favor. While, as has just been seen, the granting of a parole is not a matter of right, a prisoner who is eligible to a parole does have a right to have his application considered, and of this right he cannot be deprived by the court." 46 C. J. 1206, § 71.

To the same effect, see *Oliver v. State,* 169 Tenn. 320, 87 S. W. (2d) 566; *Garvey v. Brown,* 99 Kan. 122, 160 Pac. 1027; *State ex rel. Greene v. Rimmer,* 131 Tenn. 316, 174 S. W. 1134; *People ex rel. Cecere v. Jennings,* 250 N. Y. 239, 165 N. E. 277; *People ex rel. Seiler v. Hill,* 348 Ill. 441, 181 N. E. 295.

Assuming, without deciding, that the board is vested with authority to grant a reduction of the minimum sentence fixed in the case at bar by the court, we come then to a consideration of the question whether the board exercised its discretion; and if so, was it exercised fairly and honestly?

Appellant admits that the board accorded him a courteous hearing and duly considered his application. While conceding that, if the board acted arbitrarily, or refused to exercise its discretion, the law will, by mandamus, require it to exercise its discretionary power, we are unable to find, from an examination of the record, that the board acted dishonestly, arbitrarily, or refused to exercise its discretion.

Abuse of discretion must appear very clearly before

this court will interfere by mandamus. *State ex rel. Cowles v. Schively,* 63 Wash. 103, 114 Pac. 901; *State ex rel. Bellingham Pub. Co. v. Hinkle,* 120 Wash. 85, 206 Pac. 942; *State ex rel. Clithero v. Showalter,* 159 Wash. 519, 293 Pac. 1000; *State ex rel. Farmer v. Austin,* 186 Wash. 577, 59 P. (2d) 379; 38 C. J. 598, 600; 18 R. C. L. 116, § 28.

For this court to set aside the order of the board, would result in this court's substituting its judgment for that of the board. *Morris v. Favor,* 134 Wash. 75, 234 Pac. 1040.

No good purpose would be served by analyzing the authorities cited by appellant. Suffice it to say we have critically examined the same and find them not apposite to the case at bar.

Other issues are suggested in appellant's brief, but they are not before us for consideration, inasmuch as no assignment of error has been made with respect to them as required by Rule VIII, subd. 2, of the rules of this court, 159 Wash. xliii. *Blouen v. Quimpere Canning Co.,* 139 Wash. 436, 247 Pac. 940; *Goebel v. Elliott,* 178 Wash. 444, 35 P. (2d) 44.

The judgment is affirmed.

STEINERT, C. J., MAIN, BLAKE, and SIMPSON, JJ., concur.