[No. 27332. Department Two. March 6, 1939.]

BARTEL D. HUBBELL, *Respondent*, v. CHARLES F. ERNST, *as Director of the Department of Social Security, Appellant.*[1]

*The Attorney General* and *Harry L. Parr, Assistant,* for appellant.

*F. W. Moore,* for respondent.

SIMPSON, J.—February 14, 1938, the superior court of Kitsap county, after a trial upon a transcript of record made before the director of the department of social security, entered the following judgment:

"ORDERED that this cause be remitted and returned to the said Director of the Department of Social Security for the payment to the claimant of such sum as

[1] Reported in 87 P. (2d) 985.

assistance as is ordinarily paid to others in like circumstances, without taking into consideration any responsibility on the part of the claimant's children to support or assist him."

July 19, 1938, the claimant filed in that court a motion for show cause order in which it was alleged the director of the department had failed and refused to enroll claimant on the pension rolls of the state of Washington, and pay him the pension provided by law and the decision of the court.

On the same day, the court signed an order directed to the director of the department of social security which required him to show cause why claimant should not be placed upon the pension rolls and receive a minimum of forty dollars per month beginning February 14, 1938.

July 25, 1938, the attorney general, appearing for the director and acting county administrator of Kitsap county, filed a demurrer to the motion for show cause order upon the ground that the facts stated did not constitute a cause of action. Thereafter, the director and the acting administrator of Kitsap county filed answers denying the allegations of the motion.

For a further answer and affirmative defense, the director and the administrator admitted the entering of the judgment, and alleged that the claimant had been sick and had been placed in a hospital, where he could receive proper medical attention and care, the hospital expenses being paid by the state of Washington. It was further alleged that, because of his physical and mental condition, claimant was in need of continued institutional care, and that, in each and every respect, the judgment of the court had been obeyed.

Subsequently, a motion for judgment on the pleadings was presented by the director and the acting administrator.

A trial was had to the court, and judgment entered which directed the department of social security to maintain the claimant in the hospital where he was at the time of the hearing, and to pay him a minimum sum of thirty dollars per month after his discharge from the hospital. The director of the department of social security has appealed.

The only assignments of error are that the court erred (1) in not sustaining appellant's demurrer, and (2) in not granting appellant's motion for judgment on the pleadings.

The record before us does not show that either the demurrer or motion for judgment on the pleadings was presented to the trial court, and so far as we are advised the court did not pass upon either of the propositions of which appellant complains.

Appellant cannot urge error in respect to the rulings of the trial court upon a demurrer and motion unless the record discloses their submission to the trial court and the rulings of the trial court upon them. *Budlong v. Budlong,* 48 Wash. 645, 94 Pac. 478; *Duskey v. Green Lake Shingle Co.,* 51 Wash. 145, 98 Pac. 99; *Apker v. Hoquiam,* 51 Wash. 567, 99 Pac. 746; *West v. Keith,* 154 Wash. 682, 283 Pac. 198.

Appellant has presented arguments in his brief concerning the judgment entered by the trial court, but because of the absence of any further assignment of error, in accordance with Rule XXI of this court, 193 Wash. 28-a, such matters cannot be considered. *Mohney v. Davis,* 104 Wash. 209, 176 Pac. 31; *Blouen v. Quimpere Canning Co.,* 139 Wash. 436, 247 Pac. 940; *State ex rel. Linden v. Bunge,* 192 Wash. 245, 73 P. (2d) 516.

The judgment is affirmed.

BLAKE, C. J., BEALS, GERAGHTY, and MILLARD, JJ., concur.