[No. 27948. Department Two. July 18, 1940.]

LeCocq MOTORS, INC., *et al.*, *Respondents*, v. WHATCOM COUNTY, *et al.*, *Appellants.*[1]

[1]Reported in 104 P. (2d) 475.

602

*Edward E. Johnson* and *F. M. Hamilton,* for appellants.

*Walter B. Whitcomb,* for respondents.

JEFFERS, J.—This action was instituted by LeCocq Motors, Inc., and eighteen other firms and individuals, against Whatcom county, J. W. Austin, Albert Anderson, and Frank Cramer, as county commissioners of Whatcom county, and Pliny T. Snyder, as auditor of Whatcom county, to recover for labor, materials, supplies, and rental equipment, all furnished at the request of Whatcom county since January 1, 1939, upon a WPA flood control project in Whatcom county.

Defendants, by their answer, admit that the services were rendered, and the material and supplies furnished, as alleged in plaintiffs' complaint, but they allege that none of the claims is a legal and legitimate charge against Whatcom county, for the reason that, at the time such obligations were incurred, and at all times since, Whatcom county has been indebted in excess of its one and one-half per cent limit more than one hundred thousand dollars.

The trial court, after hearing evidence and arguments of counsel, made and entered findings of fact, conclusions of law, and judgment, in favor of plaintiffs, except as to two small items, which were not allowed, and with which we are not concerned in this appeal.

This appeal is by defendants from the judgment entered on November 28, 1939.

The following are the only assignments of error: (1) The court erred in its conclusions of law Nos. 3 and 4; (2) the court erred in entering judgment based upon conclusions of law Nos. 3 and 4.

No assignment of error having been predicated upon the findings of fact, we must accept them as the established facts in this case. Rule XXI, Rules of the Supreme Court, 193 Wash. 28-a. See *State ex rel. Linden v. Bunge,* 192 Wash. 245, 73 P. (2d) 516; *Hubbell v. Ernst,* 198 Wash. 176, 87 P. (2d) 985.

"An assignment of error as to a conclusion of law does not bring up for review the facts found upon which the conclusion is based." 4 C. J. S. 1786, § 1270.

See, also, *Edmundson v. Friedell,* 199 Ind. 582, 159 N. E. 428; *Quinn v. Gormley,* 302 Pa. 360, 153 Atl. 623.

The only question presented, then, is whether or not, as a legal proposition, the findings of fact support the conclusions of law and judgment.

Finding of fact No. 3 is as follows:

"That heretofore, and since the 1st day of January, 1939, the plaintiffs and other persons similarly situated, at the special instance and request of the defendant, Whatcom County, furnished, provided and delivered goods, wares, merchandise and material and performed work, labor and services for the defendant, Whatcom county, Washington, on flood control project on the Nooksack river, near Everson, Washington, which work was carried on and performed by the said county in conjunction with and as part of works project of the United States of America; that in the performance of the said work, the United States government con-

tributed 80% of the cost and Whatcom county 20%; that the purpose of the said work was to protect the public bridges and roads, including main traveled, paved highways, and the property of individuals, at danger points where the river had left its channel at high water in the past and would most probably overflow again at future flood periods, and that most of the work was planned and carried on in the vicinity of Everson, a town in the said Whatcom county, close to the banks of the Nooksack river, and that the protection of said town including a sizeable industry within its limits, was the primary concern of the said project; that the properties, not only of the county but of private individuals, had been damaged by high waters of the said river in the vicinity where said work was done, recently, and there was reason to anticipate that unless protective measures were promptly taken, great damage might be done in the near future to valuable property, both of the county and of private individuals, and that unless such protective measures were taken before floods came, it would be too late to take them afterwards."

Finding of fact No. 4:

"That claims of each of the plaintiffs, duly verified and presented as required by law, have been presented to the said Whatcom county, and that the said county has neglected to pay or allow the same . . . [then follows a list of the claims]."

Finding of fact No. 5:

"The court further finds that the defendants have admitted the correctness of all of the items above stated; that the work and labor was performed and the wares and materials furnished, all since January 1, 1939, and that the amounts specified are due and that they have not been paid only because the county was, on January 1, 1939, and ever since, has been beyond the one and one-half per cent debt limit."

Finding of fact No. 6:

"The court further finds that by the budget made for Whatcom county for the year 1939, appropriation

was made on account of the said flood control project of $17,000.00; that appropriation was also made in said budget for the Airport Project and for the Fairhaven hotel, and that all of the expenditures and obligations hereinabove referred to of these plaintiffs, were within the budget appropriation."

Finding of fact No. 7:

"The court further finds that in 1939, coincident with the making of the said budget appropriation, said Whatcom county made a tax levy to raise revenue to meet the appropriations made by the said budget; and the court finds that in making the budget upon which the tax levy was based, the county overestimated the anticipated revenues for the year 1939, and it now appears probable that the revenue for the year 1939, under the tax levy made, together with other revenue of the county, will fall short of the total appropriation made by the county by approximately $75,000.00, but it does not appear that expenditures heretofore made and obligations contracted at the time of the trial of this case would be, or are, in excess of cash on hand, revenue actually received, or that the county may reasonably anticipate receiving under the tax levy for 1939."

From the foregoing findings of fact, the court concluded:

"(1) That the defendant, Whatcom county, was, on the 1st day of January, 1939, and ever since has been indebted in the sum of approximately $100,000 above the one and one-half per cent constitutional limit for indebtedness for counties."

Conclusion No. 2 pertains to two claims for merchandise furnished by Morse Hardware Company for the airport and Fairhaven hotel, which the court held were not valid obligations, and with which we are not concerned, as no error is based on this holding.

"(3) The court further concludes that all of the other expenditures mentioned in the findings of fact herein and hereafter mentioned, were for mandatory

and necessary governmental expense, and are therefore legal obligations of the county, although it was at the time of contracting said obligations and still is beyond the constitutional limit of debt.

"(4) The court further concludes that plaintiffs are entitled to judgment against the said defendant, Whatcom county, in amounts as follows, to-wit . . . [then follows a list of the claims and amounts allowed, which total approximately $1,700]."

The judgment follows the conclusions, and directs the county auditor to issue and deliver to Walter B. Whitcomb, attorney for respondents, warrants as required by law, in payment and satisfaction of the judgments in favor of respondents.

It appearing from the findings that, at the time the expenditures here in question were authorized, Whatcom county was indebted beyond its constitutional limit, and remained so indebted at all times herein mentioned, do the facts as found by the trial court show that such expenditures were for mandatory and necessary governmental expense?

In referring to the constitutional debt limit, in *Patterson v. Edmonds,* 72 Wash. 88, 129 Pac. 895, we stated:

"This court has, however, laid down the rule that the limitation imposed has no application to such obligations as are made mandatory on the municipality by the constitution and laws of the state, or to such as are necessary to maintain its corporate existence."

While in the cited case we recognized that, where a municipality has exceeded its debt limit, only mandatory obligations or such as are necessary to maintain its corporate existence may be lawfully incurred, we also recognized that a situation might arise which would justify the incurrence of an indebtedness, as a work of necessity, which but for the emergency would not exist.

In *Goff v. Seattle,* 197 Wash. 665, 86 P. (2d) 222, we approved the rule announced in the *Patterson* case, *supra.* However, it should be borne in mind that in the *Goff* case, it was proposed by the city to pay the expenditures in question, not out of the budget appropriations and pledged resources, but by the sale of bonds and the creation of a general debt of the city in excess of its constitutional limit.

In the case of *Raynor v. King County,* 2 Wn. (2d) 199, 97 P. (2d) 696, while recognizing the rule announced in the *Patterson* and *Goff* cases, we held that a certain expenditure made in connection with county wharves was a valid expenditure, even though the county was at the time beyond its debt limit.

■ Appellants contend there was no emergency here shown, which would justify the expenditure made. We are of the opinion that a reading of the trial court's findings is convincing of the fact that the county commissioners of Whatcom county believed there was an emergency which required this work to be done, to protect the roads and bridges of the county; and while it may be true that the work would incidentally also protect the property of certain individuals, this, to our minds, is immaterial.

While we agree with the general rule contended for by appellants, that emergencies may not be anticipated, we are of the opinion, in the present case, that the facts show that such a condition existed as to have justified the trial court in holding that the county was justified in making the expenditures at the time, rather than wait until further damage was done.

While we do not desire to be understood as in any way departing from the rule of the *Patterson* and *Goff* cases, *supra,* we are of the opinion that the conclusion of the trial court, based upon its finding that the expenditures herein made were for mandatory and neces-

sary governmental expense, was proper; and it follows that conclusion No. 4 is also sustained by the findings, and proper.

We are also of the opinion this judgment may be sustained upon the theory that, the expenditures having been made in conjunction with the United States government on a WPA project, it must be assumed that such expenditures were authorized for the purpose of furnishing relief to the unemployed. We held, in *Raynor v. King County*, 2 Wn. (2d) 199, 97 P. (2d) 696, that there was a mandatory duty placed upon the county to render assistance to the unemployed, and that it was proper to render this public assistance through the medium of the WPA.

It is further contended by respondents that the judgment should be sustained for the reason that the expenditures herein made cannot be considered as "debts," in so far as the constitutional debt limit is concerned, in that they were provided for in the budget for the current year, the labor was performed and material furnished during the current year, and were to be paid for by taxes actually levied for the current year. It does not appear from the findings or conclusions that the trial court passed upon this question, and we are therefore expressing no opinion thereon, believing that the judgment must be affirmed for the reasons herein assigned.

The judgment is affirmed.

BLAKE, C. J., BEALS, STEINERT, and DRIVER, JJ., concur.