[No. 28841. Department One. January 9, 1943.]

CHAS. F. HAFER, *Respondent and Cross-appellant,* v. GAEL G. MARSH *et al., Appellants.*[1]

*M. E. Mack,* for appellants.

*G. E. Lovell,* for respondent and cross-appellant.

STEINERT, J.—Plaintiff brought action for unlawful detainer of certain real estate by the defendants, after

[1]Reported in 132 P. (2d) 1024.

the latter had failed to comply with the statutory notice to pay rent or surrender the premises. The complaint sought restitution of the rented property, forfeiture of the defendants' tenancy, and a judgment against the tenants for twice the amount of rent alleged to be due from them. Defendants denied the material allegations of the complaint, and set up five affirmative defenses and a counterclaim, which, in turn, were put in issue by plaintiff's reply.

The cause was tried to the court without a jury. Findings were made and judgment was entered granting plaintiff recovery for the actual amount of rent found due, but not allowing him double that amount as demanded, nor awarding him restitution of the premises as prayed for in the complaint. Defendants appealed from the entire judgment, and plaintiff appealed therefrom to the extent that it did not award him restitution of the premises, together with twice the amount of the rent found to be due. For convenience, we shall continue to refer to the litigant parties as plaintiff and defendants, respectively.

The facts are virtually without dispute. The premises involved in this action comprise a lot improved with a residence, in Spokane, Washington. For many years prior to October, 1937, defendants were the owners of this property. On April 1, 1937, they executed a mortgage thereof to J. L. Cooper & Co., a corporation, as security for defendants' promissory note, in the sum of three thousand dollars, payable in installments of thirty dollars a month, inclusive of interest. The mortgage provided, among other things, that the mortgagors, defendants herein, should keep the buildings in good repair, pay all taxes before delinquency, and that, in the event of any default in payment of principal or interest, "the rents and profits of the mortgaged premises are hereby assigned to the holder of this mortgage

as further security for the payment of said indebtedness." On October 20, 1938, the note and mortgage were duly assigned to First Federal Savings & Loan Association of Coeur D'Alene, which is now the owner and holder thereof.

For some time prior to the last mentioned date, defendants had been in serious financial straits, owing substantial amounts to various creditors. Accordingly, on or about November 2, 1937, defendants executed and delivered to one Chas. F. Cowan, for the benefit of defendants' creditors, a common-law assignment and conveyance of all their property, including the property here involved, together with two other specifically described parcels of real estate. At about that same time, defendants executed and delivered to Cowan, as trustee, a quitclaim deed of the parcel of real estate with which we are here particularly concerned. The assignment empowered the assignee, or trustee, to use, control, manage, and dispose of the trust estate as he deemed best for the interest of the creditors.

In the latter part of 1939, pursuant to a written agreement between defendants and their creditors, the plaintiff herein, Chas. F. Hafer, was selected and appointed trustee to succeed Cowan in the capacities in which he had been serving. Cowan, thereupon, on October 24, 1939, executed and delivered to plaintiff, as trustee for the benefit of defendants' creditors, a quitclaim deed of the premises involved in this action.

During the period between October, 1939, and April, 1941, Hafer and defendant Gael Marsh held a number of conferences with each other and sought to work out some plan through which Marsh might obtain a loan, pay off the creditors, and resume possession of the premises, which at that time were being rented to one Silverman for $47.50 a month. Hafer endeavored to interest several parties in financing the proposed plan, but

without success. Marsh likewise met with no encouragement. However, about April 1, 1941, Marsh informed Hafer that he had found a party who would make the loan, provided that Marsh himself should move onto the premises. After some discussion, it was agreed between Hafer and Marsh that Marsh should take possession of the property and in return should pay the sum of forty dollars a month as rent. That amount was to be paid, however, to the holder of the mortgage, thirty dollars to be applied on the mortgage debt and ten dollars toward the payment of taxes. It appears that at that time Marsh was considerably in arrears upon his monthly mortgage installments, and the taxes for 1938 and 1940 were delinquent. The mortgage holder had become dissatisfied with the condition of arrearage and was insisting upon payment.

Pursuant to the agreement between Hafer and Marsh, the tenant Silverman was notified to vacate the premises, and, on or about May 1, 1941, Marsh and his family took possession of the property and have remained there ever since.

The holder of the mortgage, however, had not sanctioned this arrangement between Hafer and Marsh, and, on learning of it, expressed its emphatic disapproval. Furthermore, on May 16, 1941, the mortgage holder commenced foreclosure proceedings upon the mortgage, making the defendants Marsh, the plaintiff Hafer, as trustee, and various creditors of the defendants parties to the suit. There was then owing and due upon the mortgage the sum of $2,596.44, together with interest from May 1, 1941, and delinquent taxes amounting to $215.79, which the mortgage holder recently had paid. All of the parties defendant in the mortgage foreclosure action, with the exception of the defendants Marsh, defaulted or were subsequently dismissed from the action.

During the pendency of the mortgage foreclosure proceeding, Hafer on August 12, 1941, instituted an action in unlawful detainer against the defendants Marsh, for failure to pay any rent, as agreed, from the time they took possession of the premises on May 1st. Defendants appeared in that action and moved to quash the summons and complaint on several grounds. The motion was granted and no further steps were taken therein by Hafer until February 6, 1942, when, on his motion, that action was dismissed.

On October 17, 1941, while the mortgage foreclosure proceeding was still pending, plaintiff herein commenced the present action in unlawful detainer, seeking the same relief as that sought by him in the prior unlawful detainer action and, in addition, requesting recovery for the subsequently accruing and unpaid rent. Defendants' answer to this complaint, verified and served on February 3, 1942, embodied a general denial and five affirmative defenses and a counterclaim, as follows: (1) That plaintiff was not the real party in interest; (2) that the prior unlawful detainer action was still pending; (3) that defendants' attempted assignment for the benefit of creditors was of no force or effect; (4) that defendants had performed labor and furnished material for the improvement of the premises of the reasonable value of $204, which plaintiff had agreed to pay and for which defendants claimed an offset against plaintiff's demand; and (5) that, since the commencement of the present action, the mortgage proceedings referred to above had culminated in a decree of foreclosure on November 12, 1941, and that the mortgage holder had purchased the property at sheriff's sale on December 13, 1941, for the full amount of the note and mortgage, including the monthly installments which plaintiff was then seeking to recover in his unlawful detainer action. The answer

concluded with a prayer that the present action be dismissed. The reply denied all the allegations in defendants' various affirmative defenses.

Upon the issues thus joined, the present action came on for trial on February 9, 1942. The record discloses beyond dispute that, prior to the filing of defendants' answer and counterclaim, the mortgage on the premises had been foreclosed and the property purchased by the mortgage holder in the manner and for the amount alleged in defendants' fifth affirmative defense. Thereafter, the trial court rendered a memorandum opinion, holding that the relationship of landlord and tenant was created and existed between plaintiff and defendants on May 1, 1941, when defendants took possession of the property. The opinion contains this recitation:

"There was an understanding and agreement on the part of defendants to pay rent, *the amount being the payment of $30.00 on the mortgage and $10.00 in taxes, making a total of $40.00.*" (Italics ours.)

Later, the court made findings and entered judgment for the plaintiff in the sum of three hundred dollars, for rent from May 1, 1941, to December 15, 1941, the date on which the sale under the mortgage foreclosure proceeding divested the plaintiff of any right of possession. From that judgment, both parties appealed, as hereinabove indicated.

In their brief on appeal, defendants set forth eight assignments of error, presenting many questions of law and of fact, based principally on their affirmative defenses. Our conclusion upon one of these assignments is decisive of the case, and renders it unnecessary to discuss defendants' other assignments, except to say that we agree with the trial court in refusing to allow defendants anything on their counterclaim. Plaintiff sets forth no assignment of error in his brief, but never-

the less contends therein that the court erred in refusing to award him restitution of the premises and allow him twice the amount of rent found to be due.

█ In the absence of any assignment of error, plaintiff is not entitled to have the contentions on his appeal considered. *Sengfelder v. Hill*, 21 Wash. 371, 58 Pac. 250; *Blouen v. Quimpere Canning Co.*, 139 Wash. 436, 247 Pac. 940; *State ex rel. Linden v. Bunge*, 192 Wash. 245, 73 P. (2d) 516; *Hubbell v. Ernst*, 198 Wash. 176, 87 P. (2d) 985; *LeCocq Motors, Inc. v. Whatcom County*, 4 Wn. (2d) 601, 104 P. (2d) 475. See Rule XVI, subdivisions 2 (d) and 5, Rules of the Supreme Court, 193 Wash. 23-a *et seq.*

█ However, plaintiff's contentions are otherwise fully met and disposed of by our conclusion upon the one assignment, set forth in defendants' brief, upon which we base our decision. In that assignment, defendants contend that the court erred in rendering judgment against them for rent, because their obligation in that respect was fully satisfied by the decree in the mortgage foreclosure action and the subsequent purchase of the property by the mortgage holder at the sheriff's sale for the full amount of the note and mortgage and all accrued interest. That contention, we think, must be sustained. A recurrence to the facts will demonstrate our reason for this conclusion.

The plaintiff, Hafer, took title to the property in question as trustee for the creditors. By the terms of the common-law assignment from the defendants, the assignee or trustee was empowered to use, control, manage, and dispose of the trust estate as he deemed for the best interest of the creditors. That assignment was made with the knowledge and approval of the creditors themselves. Pursuant to that assignment and the power conferred thereby, Hafer, the trustee, leased or rented the property to the defendants. The trial

court held that the relationship thus created between Hafer and Marsh was that of landlord and tenant.

The rental agreed upon by the landlord and the tenant was forty dollars a month, *to be paid to the holder of the mortgage, of which amount thirty dollars was to be applied on the mortgage and ten dollars on the delinquent taxes.* That was the full measure of defendants' rental obligation. It will be observed that this was no more than defendants' original obligation upon the mortgage itself. Although defendants did not voluntarily pay this rental obligation as agreed, the fact is that the mortgage holder brought suit for, and recovered, a judgment for the full amount of the mortgage obligation, including that portion thereof which defendants, in their arrangement with Hafer, had agreed to pay to the mortgage holder at the rate of forty dollars a month, for application on the mortgage indebtedness. That judgment and decree of foreclosure was fully satisfied by the sale of the property here involved to the mortgage holder for the full amount owing under the mortgage.

It may be conceded that Hafer made an improvident deal with Marsh. He terminated the prior lease to Silverman, the former tenant, who was paying a rental of $47.50 a month, and "rented" the property to Marsh, who not only was insolvent, but who at best agreed to pay only forty dollars a month. Furthermore, the amount to be paid by Marsh for such occupancy was not to be paid to Hafer, but to the mortgage holder, to be applied by it on the obligation which Marsh already owed under the mortgage. In short, Marsh agreed to do nothing more than keep up, from that time on, his mortgage payments.

We have no doubt that Hafer, in making the agreement with Marsh, thought that he was acting for the best interests of the creditors as well as of the defendants. But the fact remains that the transaction

with Marsh was an improvident one. Had Marsh paid the monthly "rental" as agreed, he would nevertheless have been entitled to have those payments credited on his mortgage obligation. Since the decree of foreclosure and sale thereunder satisfied the defendants' note and mortgage in full, they satisfied every obligation which the defendants were required to fulfill, whether under the mortgage or under the contract with Hafer. Consequently, Hafer as trustee was not entitled to recover anything in the present action.

The judgment is reversed, with direction to the trial court to dismiss the action.

ROBINSON, C. J., MILLARD, JEFFERS, and MALLERY, JJ., concur.